# Richmond

## POWHATAN LIME COMPANY V. AFFLECK'S ADMINISTRATOR.

### November 20, 1913.

1. MASTER AND SERVANT—*Dangerous Place—Youthful Employee—Contract of Employment—Negligence.*—If a manufacturing company, some of whose work is of dangerous character, stipulates with the father of an inexperienced young boy that he shall be employed only in certain designated departments of the work not dangerous, it is negligence on the part of the company to expose the boy to risks different from those incident to his contract of employment in the performance of duties for which he was unfitted by reason of lack of experience and skill.

2. MASTER AND SERVANT—*Risks Not Incident to Contract—Contributory Negligence—Estoppel.*—Although a master may have been negligent in exposing a servant to risks not incident to his contract of employment, he is not thereby estopped from setting up the contributory negligence of the servant as a bar to an action for personal injuries received by him while so exposed. If the servant has been guilty of negligence which proximately contributes to his injury he cannot recover.

3. INSTRUCTIONS—*Contradictory—Effect—Appeal and Error.*—Where contradictory instructions on a material point in a case have been given, the verdict of the jury should be set aside, as it cannot be known by which the jury were controlled.

4. NEGLIGENCE—*Contributory Negligence—What Constitutes—Effect.*—It is not necessary to the defense of contributory negligence to show that it caused the injury complained of. It is enough to show that it proximately contributed to it. If it appears that the negligence of the plaintiff has contributed as an efficient cause to the injury of which he complains, he cannot recover. The court will not undertake to balance the negligence of the respective parties for the purpose of determining which was most at fault, nor recognize any gradation of fault in such cases, but will leave the parties where it finds them.

Error to a judgment of the Circuit Court of Shenandoah county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Marshall McCormick, P. H. C. Cabell* and *M. L. Walton,* for the paintiff in error.

*Tavenner & Bauserman* and *C. B. Guyer,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

In this suit Affleck's administrator recovered a judgment against the Powhatan Lime Company, which is before us upon a writ of error.

The Powhatan Lime Company is a Virginia corporation, engaged in the quarrying of rock and in the manufacture of it into lime and marketing the same. It employs a number of servants, and one of its departments provides for the nailing of barrels. The declaration alleges that in the conduct of its business it uses complicated machinery, and requires the performance of duties on the part of its employees, some of which are in their nature dangerous; that as a part of its enterprise the defendant requires its employees to move cars over its track from place to place, preparatory to loading the same with lime for shipment, these cars being frequently moved down an incline on a spur track, and while they rest upon this track are held in place by tightening the brakes and by a scotch or wedge placed under the lower wheel of the car, and when it is necessary to move the car, the brakes are, of course, loosened and the scotch or wedge taken out.

The declaration further avers that William L. Affleck, who was a minor, was employed by the limestone company, with the consent of his father, to labor at the work of nailing barrels, and to do other like work not of a more dangerous character; that Affleck was a boy sixteen years of age, of small stature, and wanting in strength, experience and capacity; that defendant assigned this infant to work, the dangers of which he was incapable of comprehending and avoiding, without any instruction as to the manner in which the same was to be performed and the dangers incident thereto guarded against.

On behalf of the defendant, the facts now material to be considered are that at the place of the accident the tracks ran north and south, and on the right-hand side of the track there was a bank or cut about six or seven feet in depth; that a car projecting over the track would leave a space of only six or seven inches between the car and the bank; that owing to this condition it was dangerous to work upon the east side of the track, and there is evidence tending to prove that the defendant instructed the plaintiff's intestate not to go upon the east side of the track at all, but to perform his duties upon the west side, which there is evidence tending to show was a reasonably safe place. The plaintiff's intestate disregarded this instruction, went upon the east side of the track, and, as the plaintiff in error contends, thus became the author of his own injury.

There were a number of exceptions taken during the progress of the trial to the admission of evidence, but we find no error in the rulings of the court with respect to them, and none of them presents any question of sufficient interest or importance to require further consideration. A number of instructions were offered, some of which were given and others refused, but in the main we think the rulings of the court with respect to these instructions

were correct, and the instructions given were quite suf-
ficient to enable the jury intelligently to consider the evi-
dence, except with respect to two instructions which deal
with the defense of contributory negligence, one of which
was given at the instance of the plaintiff in error.

The doctrine of contributory negligence implies the ex-
istence of negligence. We are of opinion that the evidence
tends to prove negligence on the part of the plaintiff in
error. There is evidence which tends to show that the boy
who was killed was only sixteen years of age; a country
lad, inexperienced in the use of machinery, mentally and
physically undeveloped, and of small stature. There is
proof that his father, in view of these facts, was careful
to inform the plaintiff in error, and to make it a condition
of the boy's employment that he should not be placed in
positions of danger; the father stating at the time that he
did not care for him to go about machinery, as he never
had had any experience. The result was an understanding
with the plaintiff in error that he was to be employed in
the barrel department in nailing barrels, or if there was no
regular work in that department, to pick up lime or unload
coal.

From the facts we have stated, we think the jury might
have fairly inferred that the defendant company had been
guilty of negligence in exposing the boy to risks different
from those incident to his contract of employment, in the
performance of duties for which he was unfitted by reason
of lack of experience and skill.

The contention of the defendant in error is that by
reason of the contract of employment and its breach, the
plaintiff in error was estopped to make the defense of con-
tributory negligence; but in this view we cannot concur.
Although the plaintiff in error may have been guilty of
negligence, yet if the contributory negligence of the de-
fendant in error's intestate contributed to the injury, he

cannot recover. As we have said, contributory negligence on the part of the person injured always implies negligence on the part of the person causing the injury.

In Labatt on Master and Servant, p. 3992, sec. 1387, the doctrine for which defendant in error contends, is thus stated: "It is said that the master's order to a servant to do work outside the scope of his original employment operates as an implied assurance that the new duties may be performed without incurring any abnormal risks. Under this theory it would seem that the master is virtually converted, for the time being, into a guarantor of the servant's safety. Upon the assumption that this is the effect of the Indiana decisions, they have been condemned in Alabama.

"The disapproval thus expressed is, in the opinion of the present writer, well founded. There is no valid ground for departing in this instance from the general principle discussed in chapter LXXX," *ante* (which deals with knowledge as an element of the master's liability). "It should be observed, however, that the effect of the sweeping language used by the Indiana courts is considerably qualified by the fact that the defense of an assumption of the risks is conceded to be a bar to the action if the evidence shows that those risks were, as a matter of fact, appreciated." See *Brazil Block Co.* v. *Hoodlet*, 129 Ind. 327, 27 N. E. 741; *Mary Lee Coal & R. Co.* v. *Chambliss*, 97 Ala. 171, 11 South. 897.

This brings us to the defense of contributory negligence. There is evidence, as we have already said, which tends to show that the east side of the track was a dangerous place in which to put an inexperienced youth to work. The west side of the track, however, the evidence tends to prove was one of reasonable safety, and plaintiff's intestate was warned not to work upon the east side, but upon the west side only. At the instance of the defendant in error the court instructed the jury that "contributory negligence

on the part of the decedent is such negligence as contri-
butes directly to and is the proximate cause of the accident
or injury complained of, and that if the defendant relies
upon the defense of contributory negligence upon the part
of the decedent, the burden of proof of such contributory
negligence rests upon the said defendant, unless the con-
tributory negligence appears from the plaintiff's own evi-
dence, in which case the burden shifts."

On behalf of the plaintiff in error the court instructed
the jury that "if it believes from the evidence that there
was no check under the wheel of the car next to the em-
bankment, and that the plaintiff's intestate did give the
signal to Funkhouser to move the car, walked across the
track to the other side next to the embankment, when there
was no necessity for his so doing, and this was the proxi-
mate cause of his injury, if the jury so believes, then this
was contributory negligence, as a matter of law, and the
plaintiff cannot recover. Such conduct need not have been
the sole cause of his injury, but, if it contributed to his
injury and subsequent death, this is sufficient and the
verdict should be for the defendant."

These two instructions are irreconcilable. The instruc-
tion asked for and given at the instance of the plaintiff in
error is in accordance with numerous decisions of this
court, while that given on behalf of the defendant in error
is wholly at variance with it. We have held in numerous
cases that where such is the case, it would be impossible
to say by which the jury was controlled, and it constitutes
reversible error.

In *Richmond Traction Co.* v. *Hildebrand,* 98 Va. 22, 34
S. E. 888, the court dealing with this subject uses the
following language : "The instruction now under considera-
tion is, however, not merely defective, but an entirely in-
correct statement of the law well calculated to mislead
the jury. The two instructions are inconsistent with, or
contradictory to each other, and it is impossible to say

whether the jury was controlled by the good or the bad in reaching their conclusion.

"In Thompson on Trials, vol. 2, sec. 2326, it is said: 'The giving of instructions which are inconsistent with or contradictory to each other is error, for the reason that the jury will be as likely to follow the good as the bad, and it cannot be known which they have followed, and which way soever they go, if there is an appeal or writ of error, the judgment must be reversed. Therefore, an erroneous instruction is not cured by another instruction on the same subject which is correct, unless the former is by the latter specifically withdrawn.' " See this case as reported in 99 Va. 48, 34 S. E. 888.

The same doctrine is maintained in *C. & O. Ry. Co.* v. Whitlow, 104 Va. 90, 51 S. E. 182, where it is said: "Where contradictory instructions on a material point in a case have been given, the verdict of the jury should be set aside, as it cannot be said whether the jury were controlled by the one or the other."

And so in the case of *Southern Ry. Co.* v. *Hansbrough*, 107 Va. 733, 60 S. E. 58, "If contradictory instructions on a material point in the case have been given, the verdict of the jury should be set aside, as it cannot be known by which the jury were controlled."

The same doctrine is stated in *Va. & N. C. Wheel Co.* v. *Chalkley*, 98 Va. 62, 34 S. E. 976; *N. & W. Ry. Co.* v. *Mann*, 99 Va. 180, 37 S. E. 849; *Richmond Pass. & Power Co.* v. Steger, 101 Va. 319, 43 S. E. 612.

That the instruction given at the instance of the defendant in error does not correctly propound the law of contributory negligence as established, appears from the following decisions:

In *N. & W. Ry. Co.* v. *Cromer*, 99 Va. 763, 40 S. E. 54, the law is thus stated: "It is not necessary to the defense of contributory negligence to show that but for it the accident would not have occurred. It is enough to show that

the negligence of the plaintiff contributed to the injury. The question to be determined is not whether the plaintiff's negligence caused, but whether it contributed to, the injury of which he complains."

The position of this court is well stated in *Richmond Traction Co.* v. *Martin*, 102 Va. 209, 45 S. E. 886: "The well-known rule in this class of cases is that a plaintiff seeking to recover damages for an injury caused by the negligence of the defendant must himself be free from negligence, and if it appears that his negligence has contributed as an efficient cause to the injury of which he complains, the court will not undertake to balance the negligence of the respective parties for the purpose of determining which was most at fault. The law recognizes no gradations of fault in such case, and where both parties have been guilty of negligence, as a general rule, there can be no recovery. There is really no distinction between negligence in the plaintiff and negligence in the defendant, except that the negligence of the former is called 'contributory negligence.'"

Upon the whole case, our conclusion is that while there is evidence tending to show negligence upon the part of plaintiff in error, there is also evidence tending to show contributory negligence upon the part of defendant in error's intestate; that in submitting the case to the jury upon the defense of contributory negligence the court erred in giving to the jury inconsistent instructions; that the instruction given at the instance of the defendant in error cannot be reconciled with the numerous decisions of this court dealing with this subject, while the instruction asked for and given at the instance of plaintiff in error is a correct exposition of the law.

For this error we are constrained to reverse the case and remand it to the circuit court for a new trial to be had in accordance with the views herein expressed.

*Reversed.*