[Civil No. 1466.   Filed April 14, 1916.]

[157 Pac. 376.]

## ARIZONA EASTERN RAILROAD COMPANY, a Corporation, Appellant, v. W. N. BRYAN, Appellee.

1. MASTER AND SERVANT—INJURIES TO ANOTHER—LIABILITY OF MASTER. A master is not liable for every negligent act of his servant, and it is necessary to show that the negligence was committed by the servant while engaged in the service of the master.

2. PLEADING—INJURIES TO SERVANT—COMPLAINT—SUFFICIENCY—AIDER BY ANSWER.—The complaint averred that while employed by the defendant railroad company plaintiff was required to work on a hand-car; that in the course of such employment he was standing on a push-car in front of the hand-car; that while the hand-car and push-car were proceeding at five miles per hour, one of the employees of the hand-car negligently kicked the push-car, and, though in the

exercise of due care, plaintiff fell from it and was injured. The answer admitted that defendant was engaged in interstate commerce, and that plaintiff, with other employees, was on the hand-car and push-car with materials for the construction of the right of way. *Held,* that any defect in the complaint in failing to allege that the employee who kicked the push-car was engaged within the scope of his authority was cured by the answer.

3. MASTER AND SERVANT—INJURIES TO SERVANT—COMPLAINT.—The complaint was sufficient to show that the employee who kicked or pushed the car on which plaintiff was riding was acting within the scope of his employment.

4. PLEADING — COMPLAINT — SUFFICIENCY.—Where a complaint seems doubtful, the defendant should require plaintiff to make the complaint more definite and certain.

5. APPEAL AND ERROR—REVIEW—TECHNICAL ERROR—STATUTES.—Civil Code of 1913, paragraph 472, declares that every demurrer shall distinctly specify the grounds of objection, while paragraph 423 declares that the court shall disregard any defect in the pleadings or proceedings which shall not affect the substantial rights of the parties. The demurrer to a complaint by an injured servant failed to distinctly point out its insufficiencies, and the complaint, taken alone, and particularly in connection with the answer, stated a cause of action. *Held,* that any defects should on appeal, the complaint having been upheld below, be disregarded.

6. NEGLIGENCE — "CONTRIBUTORY NEGLIGENCE" — WHAT CONSTITUTES.— Contributory negligence on the part of a plaintiff necessarily assumes negligence on the part of a defendant, and is such an act or omission on the part of plaintiff concurring or co-operating with the negligence of defendant as to be the proximate cause of the injury.

7. PLEADING — ADMISSIONS IN ANSWER — INJURIES TO SERVANT — CONTRIBUTORY NEGLIGENCE.—Under Employers' Liability Act April 22, 1908, c. 149, § 3, 35 Stat. 66 (U. S. Comp. Stats. 1913, § 8659), the contributory negligence of a servant is not a complete defense, and so an answer setting up the servant's contributory negligence is an admission that the servant is entitled to some recovery, because it admits negligence on the part of the master.

8. TRIAL—INSTRUCTIONS—REFUSAL.—Where a requested instruction is partly erroneous, it may be refused.

9. APPEAL AND ERROR—REVIEW—INSTRUCTIONS—REQUESTS.—In an action under Employers' Liability Act, section 3, which provides that contributory negligence shall not bar a recovery, but the damages shall be diminished in proportion to the amount of negligence attributable to such employee, the court modified defendant's re-

quested instruction that, if plaintiff, who was thrown from a push-car on which he was riding, of his own volition was standing on a car, and it was more dangerous to stand than to sit, verdict should be for defendant, by striking out the direction to render verdict for defendant and adding that the jury should deduct an amount equal in proportion that the contributory negligence might bear to the negligence of the employee who caused the injury by kicking or shoving the car. *Held* that, while the modification did not exactly follow the statute, yet, defendant not having requested a more apt instruction, the error was not reversible.

10. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK. A servant does not assume the risk of the master's negligence, or extraordinary risks which could not be anticipated, and therefore a section foreman who was riding on a push-car preceding a hand-car did not assume the risk of injury from the act of one of the servants on the hand-car in suddenly shoving the push-car so that he fell therefrom; for that was an unusual risk.

11. DAMAGES—PERSONAL INJURIES—INSTRUCTIONS.—In a personal injury case, an instruction that the jury should find such an amount of damages as would fully compensate plaintiff for all suffering of mind and body and for the personal inconvenience and loss of time, expense and care is correct.

12. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—Where the jury returned a unanimous verdict, though it was signed only by the foreman, error cannot be predicated on an instruction allowing a verdict by nine or more jurors, but requiring it in that case to be signed by all the concurring jurors.

13. DEPOSITIONS—ADMISSIBILITY—EVIDENCE.—Civil Code of 1913, paragraph 1674, declares that every person may testify in any action, and paragraph 1714 provides that, where a deposition has been filed at least one day before trial, objections to the form, etc., cannot be considered unless in writing, and notice thereof is given before trial is commenced. *Held*, that objections at the trial that a witness could not speak English well enough to have given the answers contained in his deposition, and that the deposition did not show an interpreter was present, cannot be considered by the jury; the question of admissibility being for the court.

14. APPEAL AND ERROR—REVIEW—"HARMLESS ERROR."—In an action by the foreman of a section crew who was injured through the negligence of one of his crew, brought under the federal Employers' Liability Act, the admission of evidence that he had no control over the pay of the crew was harmless, even if erroneous; the evidence being immaterial.

[As to liability of master to servant through playful or mischievous act of fellow-servant, see note in Ann. Cas. 1912C, 422.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

STATEMENT OF FACTS BY THE COURT.

The appellee, W. N. Bryan, was in the employ of the appellant company as track foreman, or section foreman. His employment required him to engage for the company a sufficient crew of laborers, known as a section crew, to keep the railroad track in repair, and to handle the necessary repair material and tools for use in the work. The section foreman was furnished by the company with the necessary tools and appliances for the performance of his duties and for the performance of the duties of the crew of laborers, and was held responsible to the company by specific instructions for the due care of these tools furnished and for the direction of the crew in the performance of their labor.

The railroad company was engaged in interstate commerce business, and used the track in question in connection with the carrying on of such interstate commerce business. The foreman was furnished, as a part of his equipment of tools, a hand-car equipped with appliances to propel it on the track by hand power by means of a lever or "walking-beam," and the power was furnished by members of the crew of laborers. A brake attachment was a part of the hand-car equipment. The hand-car was for the use, among other things, of moving material from points along the track to points where it was to be used for repairs. A push-car was also furnished the foreman for use likewise in moving material when necessary. The push-car had no means of propelling it, but is a platform mounted on wheels, and intended to be pushed on the railroad track, or drawn on such track by hand or other power. The top of the platform of the push-car furnished the foreman, and in use at the time of the injury hereinafter referred to, was lower than the platform of the hand-car in use at the time of said injury.

On about the fifth day of May, 1913, the said section crew at the direction of said foreman was engaged in repairing the said railroad track at a point about two and one-half miles west of a station on said railroad called Branaman,

and such repairs required material. The necessary material therefor was kept by the railroad company at Branaman station, and it was the duty of the foreman and section crew to take the material from Branaman station to the point where it was required by means of the hand-car, or the hand-car with the push-car. The means to be used for such purpose was left to the judgment of the foreman. The foreman ordered six men of the crew to accompany him for the material, and ordered the push-car and the hand-car to be taken for the purpose. The push-car was placed on the track in front of the hand-car. The men of the crew were placed on the hand-car and were required to propel both cars by means of the walking-beam appliance. To accomplish this purpose some of the men operating the walking-beam would face toward the push-car, but would be on the hand-car farthest from the push-car, while others of the men operating the lever were placed with their backs to the push-car, but were standing on the hand-car nearest to the push-car. So placed, the foreman took his position standing on the platform of the push-car, and they started for Branaman station to get the material needed. While proceeding in the direction of said station, at a rate of about five miles per hour, at a cut along the road and ascending a slight grade, and while the foreman was standing with his back toward the hand-car, and looking out for ore trains that the company operated over that track without schedule, one of the section-men operating the lever on the hand-car, and standing nearest the push-car, gave the push-car a sudden push or kick with his foot and sent the push-car suddenly forward of the hand-car, causing the foreman to fall from the push-car on the track between the two cars, and to be bruised and crushed by the hand-car running over and severely injuring him.

The appellee's cause of action is based upon the negligent and careless act of the employee in pushing or kicking the push-car, relying upon the federal Employers' Liability Act. The appellant defendant denies negligence, asserts that the plaintiff contributed to the negligence, and asserts that the plaintiff assumed the risk. Relying upon these defenses, the cause was tried to the court with a jury, and the jury returned a verdict for the plaintiff for the sum of $10,000,

and a judgment followed for plaintiff. A new trial having been refused, the defendant appeals.

Other facts appear in the opinion.

Mr. Eugene S. Ives, for Appellant.

Messrs. Armstrong & Lewis and Mr. G. P. Bullard, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).— The appellant's assignments of error generally classified attack the sufficiency of the complaint; the instructions given; the orders of the court refusing to give instructions requested; the modification by the court of an instruction requested; the admission of improper evidence; and the misconduct of the jury.

The original complaint set forth the alleged cause of action in two counts. The first count was based upon the common-law action for negligence, and the second count was based upon the federal Employers' Liability Act. At the trial the plaintiff expressly elected to proceed under the second count, or relied upon the federal Employers' Liability Act for a recovery, and abandoned his first count. The second count of the complaint setting forth the act of negligence is as follows:

"That while engaged and employed by the said company at the time and place aforesaid this plaintiff was required, in the course of his said employment and in the said business of said defendant, to go, with other employees of said defendant, upon a certain hand-car and push-car for materials for the repair and construction of said tracks of defendant aforesaid; that in the course of such employment the said plaintiff, as he was directed to do by the defendant, was standing upon the said push-car in front of the hand-car upon which were other employees of said defendant, to wit, the section gang; that while so proceeding for materials as aforesaid, and while said hand-car and push-car were proceeding at the rate of about five miles per hour, one of the said employees standing upon the hand-car aforesaid negligently and carelessly did give the said push-car whereon this plaintiff was then standing a sudden push and kick; that by

and through the said carelessness and negligence of the said defendant, and without any fault upon the part of the plain-, tiff, and while the said plaintiff was in the exercise of due care for his own safety, the said plaintiff was thrown from said push-car, and fell, . . . '' and was injured.

Appellant contends that the complaint fails to state facts constituting a cause of action for the reason:

''It is not alleged that the man who kicked the car was act-ing in the course of or within the scope of his employment when he kicked the car.''

The appellant argues: ''It is essential, in order that the master be liable for the act of the servant, that the act should have been within the scope of the employment of the servant. In the absence of an allegation directly to such effect or from which an inference to such effect should be drawn, the complaint is fatally defective.''

The master is not liable for any and every negligent act of his servant. It is necessary to show that the negligence was committed by the servant while engaged in the service and in some way connected with the doing of the service. *Cincinnati etc. R. Co.* v. *Voght,* 26 Ind. App. 665, 60 N. E. 797.

If we concede that the complaint fails to show that the negligence was committed by the defendant's servant while engaged in the service, and in some way connected with the doing of the service, we are not precluded from looking to the entire pleadings, including the answer of the defendant for the purpose of determining the issues joined and tried. The answer admits expressly that the defendant was engaged in interstate commerce, and that the plaintiff, ''together with other employees, . . . did proceed upon a certain hand-car and push-car for materials for the repair and construction of defendant's right of way at the place mentioned in plaintiff's complaint.'' If any defect exists in the language of the complaint failing to set forth the fact that the man who kicked the car was acting in the scope of his employment, the answer cures such defect, for the reason defendant admitted that the injury was inflicted at a time the plaintiff, together with other employees, were in the performance of their duty in defendant's employment.

The facts set forth in the complaint, aside from the answer, clearly show that the negligent act was committed by defendant's servant while engaged in the service for which he was employed. True, the servant was not instructed to kick the push-car, but his duty required him, with others in the same employment, to propel it to the place required for its use, and for some reason not appearing he did kick the car forward, and from such act the injury resulted. The direct allegation that the servant whose negligent act is relied upon was acting within the scope of his employment at the time of the alleged negligence, while preferable as avoiding all questions, yet, when the complaint, as here, sets forth facts which admit of no inference other than the inference that he was so acting at the time, the same end is attained by the pleading, and the defendant is sufficiently informed of the charge it is required to meet, and sustains no injury by the indirect allegation.

If the allegations of the complaint seem doubtful, or some other construction can fairly be placed upon the language used by the pleader, the defendant had its remedy to require the plaintiff to make the complaint definite and certain or point out specifically the omission. In construing the pleadings on appeal, where it appears from the record the demurrer relied upon does not distinctly specify the grounds of objection to the complaint (paragraph 472, Civil Code 1913), and the lower court has disregarded such objection to the pleading, and it appears, as here, that the defendant's substantial rights have not been affected by reason of any such error, this court has no authority to reverse a judgment on account of such error in pleading by authority of paragraph 423, Civil Code of 1913. The record clearly discloses that the cause was tried in the lower court upon the theory that the servant whose acts caused the injury and damage was in the service of the defendant, and at the time of the act was in the performance of the duties of his employment. The contention of appellant is that the very act of negligence complained of must have been an act within the servant's employment; in other words, in order to hold the defendant liable, it must have employed the servant to kick the push-car; otherwise it is not liable, because, if the servant

XVIII Ariz.—8

did kick the push-car and was not employed to kick such car, his act was not within the scope of his employment. This is reducing the argument to an absurdity, and requires no answer. The employment was for a beneficial purpose, and the employer expected to derive advantage from the service; that is, the employment was to repair defendant's railroad, and that was the particular act in progress at the time complained of. As measured by a general demurrer when, as here, the defendant has been denied no right to exclude all evidence applicable to the omission in the complaint, no injury could result to the defendant, and this court is not authorized to reverse the judgment for that reason.

Contributory negligence is largely relied upon as a defense, or as one of the defenses. This defense is set forth in the answer in the following manner:

The defendant expressly admits that it was engaged in interstate commerce, and that the plaintiff, "together with other employees, . . . did proceed upon a certain hand-car and push-car for materials for the repair and construction of the defendant's right of way at the place mentioned in plaintiff's complaint, admits that, while proceeding as aforesaid, the plaintiff did fall from the car upon which he was riding and receive some slight injury or injuries of a temporary character, but denies that the plaintiff's fall or injuries were due to the defendant's negligence, and in this behalf the defendant alleges that the plaintiff contributed to his own injury by not placing himself upon the car from which he fell in a safe and secure manner, and, had plaintiff exercised due care in placing himself on said car, he would not have fallen therefrom or received his slight and temporary injuries. . . . "

This answer was clearly intended as setting forth the defense of contributory negligence, and the record discloses that it was so treated at the trial.

Under section 3 of the federal Employers' Liability Act, Mr. Thornton (second edition, section 48) states:

"That contributory negligence is no longer a complete defense as it was at the common law, but is still a partial defense. As a complete defense all the rules of the common law are erased at one sweep of the legislative pen; and,

although an employee is guilty of contributory negligence, he may still recover."

"Contributory negligence in its legal significance is such an act or omission on the part of plaintiff, amounting to an ordinary want of care, as, concurring or co-operating with the negligent act of defendant, is the proximate cause or occasion of the injury complained of." 29 Cyc. 505.

The rule is well settled that: "Contributory negligence on the part of plaintiff necessarily assumes negligence on the part of defendant." 29 Cyc. 506, citing cases in note 44, and *Hummer's Ex'x* v. *Louisville & N. R. R. Co.,* 128 Ky. 486, 108 S. W. 885; *Powhatan Lime Co.* v. *Affleck,* 115 Va. 643, 79 S. E. 1054.

Hence the defendant could not be free from all negligence and at the same time the plaintiff be guilty of "contributory negligence." The allegations of the answer asserting want of negligence on the part of defendant were evidently treated at the trial as surplusage, as no importance was attached to such allegations. The allegations of contributory negligence as a defense necessarily assume negligence on the part of defendant, and as a defense under the statute is a partial, not a complete, defense. If no defense was pleaded other than contributory negligence in an action based upon the federal liability act, the plaintiff would as a matter of law be entitled to recover a nominal judgment. The question of plaintiff's right to recover is removed from the case, and the question of the amount of the recovery only remains. Upon this theory and under this defense, the instructions given, of which complaint is made in assignments II, III and VII, and the reasons alleged, were more favorable to the defendant's case than it was entitled, and therefore it cannot complain. For the same reason the court was right in refusing to instruct as requested in a number of assignments, because all these requests were to the effect that the jury must in the contingency stated in each return a verdict for the defendant without taking into consideration the rule laid down in the federal Employers' Liability Act.

The appellant requested the court to instruct the jury, in effect, that if the plaintiff was standing on the push-car of his own volition, and not in obedience to the orders of the defendant, and the jury were satisfied from the evidence that

it was more hazardous to stand upon such car than to sit upon it, then the jury was instructed to "bring in a verdict for the defendant." The court modified this request by striking out the words quoted, and in lieu thereof added these words: "That you must deduct from your verdict an amount equal in proportion that the contributory negligence bears to the negligence of the employee who kicked or pushed the car."

This modification is complained of because: "The words added by the court do not properly state the rule as prescribed by the federal statute."

The appellant in its brief, in arguing this assignment of error, is content to assert that the instruction should have been given as requested, and that the proper instruction, if modified, should have been as suggested in the brief. We have seen that, as requested, the instruction was erroneous as assuming that no recovery can be had where contributory negligence is shown. This was a sufficient reason for refusing the instruction as a whole. The modification suggested by the defendant is as follows, having been adopted from *Norfolk & W. R. Co.* v. *Earnest*, 229 U. S. 114, Ann. Cas. 1914C, 172, 57 L. Ed. 1096, 33 Sup. Ct. Rep. 654:

"The statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employee' means . . . that, where the causal negligence is partly attributable to him and partly to the carrier, he shall not receive full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both."

The remarkable thing about defendant's position is that it now seems to consider that its rights may have been affected by the modified instruction, because the above "proper distinction was not given." The record discloses that an improper instruction was requested by it, and, while not refused as a whole, was modified, presenting in an imperfect manner the rule of liability prescribed by the federal statute. If such rule was important to the defendant, and it was in possession of a "proper instruction," and did not request the giving of such proper instruction in lieu of the imperfect one, the defendant was certainly delinquent. The rule given

the jury was general in its nature, but was not altogether misleading, and we cannot say that the defendant was injured in the least by the rule as given. The rule as given was one recognizing the right of the defendant to have deducted from the whole damages caused by its servant the amount of damages attributable to the contributory negligence of plaintiff. The statute lays down the rule in these words:

" . . . The fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. . . . " Section 3, Federal Employers' Liability Act.

The trial court stated the rule thus: "You must deduct from your verdict an amount equal in proportion that contributory negligence bears to the negligence of the employee who kicked or pushed the car."

From the language used by the trial court in attempting to state the statutory rule of recovery the jury could have understood the court to mean only that the damage recoverable is an amount remaining of the whole damages after the damages arising from the contributory negligence had been deducted. The statutory rule clearly requires the jury to determine the full amount of damages caused by the joint negligence, and also to determine the amount of damages caused by the contributory negligence of plaintiff, and deduct from the whole amount of negligence the amount found as contributory negligence, and the sum remaining is the amount of damages the plaintiff is entitled to recover by the jury's verdict.

In the absence of a request for a more specific instruction, the instruction given, although open to severe criticism, is not such error as justifies a reversal of the judgment.

The defendant's answer set forth, in effect, assumption of risk in the following language:

" . . . That the plaintiff was well aware of the danger of riding upon the said push-car or the said hand-car in a standing position, and that by assuming such position while the car was in motion he was liable at any moment to be thrown or jerked by the motion of the cars to the ground."

This is asserting that the plaintiff by accepting the employment assumed all the ordinary and usual risks and perils incident thereto, whether it be dangerous or otherwise. But the difficulty in this case arises from the fact that the injury is not claimed to have resulted from the ordinary and usual risks and perils incident to his standing upon the push-car, but the injury resulted from a sudden kick or push given the car by one of the employees. The plaintiff does not assume such risks as are created by the master's negligence. The contingency that one of the laborers would suddenly kick the car upon which plaintiff was riding was not an obvious risk, nor such as could reasonably have been anticipated. The plaintiff, as defendant's servant, did not assume the extraordinary and unusual risks of the employment (26 Cyc. E. 1, p. 1177), and the complaint alleges, and the defense does not deny, that the injury resulted from an extraordinary or unusual act, one not to be reasonably anticipated.

The instructions requested and refused, and the order refusing, assigned as error, are based upon a different rule, that is, that the act was one of the obvious risks, and were properly refused, for the reason the requests were not confined to the facts in evidence, nor to the theory of the case.

The court instructed the jury that, if they found for the plaintiff, they would find such "an amount of damages as will fully compensate him for all suffering of mind and body inflicted upon him by his injury and for the personal inconvenience and the loss of time and expense of care that naturally and proximately resulted from the injury," and applied the same rule in case they should find that the plaintiff's injuries are permanent. Error is assigned for the reasons that "personal inconvenience is not an element of damages for which the appellee may recover," for either temporary or permanent injuries; and without further explanatory instructions the words "personal inconvenience" are too indefinite and uncertain. Further objection is made to the use of the words "full compensation." These objections to the instruction are fully answered in *Washington & G. R. R. Co.* v. *Tobriner*, 147 U. S. 571, 37 L. Ed. 284, 13 Sup. Ct. Rep. 557, where substantially the same worded instruction was approved by that court and properly so approved.

The court instructed that, if nine or more of the jurors agreed upon a verdict, they could return the same into court, but it would then be necessary for each juror, if less than twelve of their number agreed, to sign it; but, if twelve jurors agreed on a verdict, then the law requires it to be signed by their foreman alone. Error is predicated upon this instruction. The record discloses, however, that the verdict was returned by the twelve jurors, and signed by the foreman alone. Without discussing the abstract question, the fact remains that, as no verdict was returned by less than the full jury panel, the instruction worked no injury to the defendant, and it cannot complain. We do not wish to be understood as holding that the instruction was erroneous, but we do hold that the record discloses no grounds upon which defendant can now complain of the instruction.

The deposition of a witness was taken before and certified and returned by a notary public. Upon the trial the deposition was offered by plaintiff and the answers to the interrogatories were read. The defendant's counsel thereupon moved to suppress the deposition upon evidence then to be offered bearing upon "how it was obtained; whether the witness himself wrote out his own answers without any assistance from anybody; who was the interpreter; and how it was made." The court then stated that defendant would be given an opportunity to offer evidence bearing on these questions. At a later time in the progress of the trial the defendant resumed his motion to suppress the deposition, assigning as grounds for the motion "that it does not appear there was an interpreter there and sworn." The court thereupon denied the motion. The defendant requested the court to instruct the jury to the effect that, if the jury believes from the evidence that the witness whose deposition was in evidence and attacked by the said motion could not speak English, or could not have spoken English well enough to give the answers which appear in his deposition, they may disregard his testimony. All the requests setting forth these contentions were refused, and the refusals to so instruct are assigned as error.

The requests are clearly laying down a rule limiting the competency of witnesses to testify to those who can speak the English language. Every person may testify in any

action or proceeding, civil or criminal, in court, or before any person who has authority to receive evidence, except as otherwise expressly provided by law. Paragraph 1674, Civil Code of Arizona 1913. We find no requirement of law that before a witness can testify that it must be made to appear that he can speak English correctly or at all, or that, if he speaks but little English, an interpreter must be there and sworn. The fact that the witness could speak but little English, and that the return on the deposition failed to disclose that an interpreter was sworn, is no ground for rejecting the testimony of a witness when the deposition is procured as provided by law when offered. Where the deposition has been filed in the court at least one entire day before the day on which the trial commenced, it can be offered unless certain specified objections are presented in writing and notice thereof is given to the opposite counsel before the trial of the suit commences. Paragraph 1714, Civil Code 1913. The requests would leave to the jury the determination of the question whether the answers to the interrogatories were made by the witness, or by some other person, that is, whether the answers as read and admitted by the court are legally admissible as evidence in the case; and, if they were not satisfied that such answers are legal evidence, then the jury must disregard them. Such is not the province of the jury. The question of the admissibility of evidence is for the court's determination.

The court permitted the plaintiff to testify over the objection of defendant, to the effect that he had no control over the pay given the section crew; that they were paid $1.25 per day, and the men boarded themselves. The admission of this evidence is said to constitute error, because such evidence is immaterial and tended to prejudice the jury. We are unable to see the materiality of the evidence; yet we are not able to perceive in what manner such evidence could prejudice the jury in this case. The evidence tended to establish no issue in the case, had no bearing upon the plaintiff's right to recover, and could neither increase nor diminish the defendant's liability nor the plaintiff's damages. The admission of such evidence could be of no benefit to plaintiff nor of injury to the defendant; therefore the error, if any, was harmless.

The misconduct of certain of the jurors is made the subject of an assignment of error, but the record fails to disclose conduct that could reasonably be said to have worked prejudice to any substantial rights of defendant.

Finding no reversible error in the record, the judgment is affirmed.

ROSS, C. J., and FRANKLIN, J., concur.

As to constitutionality, application and effect of the federal Employers' Liability Act, see notes in 47 L. R. A. (N. S.) 38; L. R. A. 1916C, 47.