BEN C. WAGNER, Respondent, v. THE CHICAGO & ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed April 5, 1921.

1. **RAILROADS: Interstate Commerce: Federal Employers' Liability Act: Section Hand Riding on Hand Car From Work Engaged in Interstate Commerce: Liability.** A railroad section hand returning on a hand car from a point where he had been at work repairing the track was at the time engaged in interstate commerce, and hence the Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) applies, resulting in liability on the part of defendant for an act of negligence of plaintiff's co-employees or fellow-servants.

2. **———: ———: ———: ———: Section Hand Injured by Hand Car: Negligence: Question for the Jury.** Where several gangs of track repairers were returning from work riding on separate hand cars running from six to ten miles an hour and about twenty-five or thirty feet apart, and one of the men who was on the rear end of the front hand car, which was crowded, being one of four men who were pumping the levers or handlebars up and down in order to propel the car, through some means slipped and fell from the car into the middle of the track, and as a result the second and third hand cars which were immediately following ran over and injured him while he was lying in the track, the question of whether it was negligence to run the cars so close to the one in front as to be unable to stop in the event of some one falling off the first car, was for the jury.

(121)

3. **INSTRUCTIONS: Federal Employres' Liability Act: Instruction Not Objectionable as Allowing Recovery Regardless of Negligence.** In an action by a section hand for injuries sustained caused by slipping and falling from a hand car and being run over while he was lying in the track by a second and third hand car which were immediately following, an instruction that under the evidence plaintiff was engaged in interstate commerce and entitled to the protection afforded by the Federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), and that if plaintiff's injuries were caused by the negligence of one or more of the other employees of defendant then your verdict should be for the plaintiff; and this is true even though you may further find and believe that plaintiff himself was negligent and that his negligence contributed to his injuries, was not objectionable as leading the jury to believe that the federal Employers' Liability Act made defendant liable without regard to negligence.

4. **APPELLATE PRACTICE: Instructions: Proof not Going Beyond Pleadings: Harmless Erroneous Instruction not Reversible Error.** In an action by a section hand for injuries sustained caused by slipping and falling from a hand car and being run over while he was lying in the track by a second and third hand car which were immediately following, an instruction that if plaintiff's injuries were caused by the negligence of one or more of the other employees of defendant then your verdict must be for plaintiff, while erroneous did not constitute reversible error as allowing a recovery on charges of negligence which had been withdrawn by specific instructions, as the proof did not go beyond the specific act charged in the petition and as the jury did not have before it any other than the one specific act of negligence.

5. **INSTRUCTIONS: Must be Within Both Proof and Pleadings** Instructions must be within both the proof and the pleadings.

6. **———: Diminution of Damages: Failure to Request More Specific Instruction: Error Insufficient to Justify Reversal.** In an action by a section hand based on the federal Employers' Liability Act (U. S. Comp. St., section 8659) section 3 of which provides that the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee, an instruction which told the jury that, if they found for the plaintiff under the facts, they could only consider plaintiff's negligence in diminution of his damages, while strictly speaking does not correctly state the rule of recovery promulgated by the statute refered to, yet inasmuch as it appears from the language used that the jury was not led into error on account of the instruction and that defendant failed to request

·a more specific instruction, the error is not sufficient to justify a reversal of the judgment.

7. **NEGLIGENCE: Injury from One of Two Causes: Evidence Must Show Certainty: Rule Stated.** If the injury may have resulted from one of two causes, for one of which and not the other the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result, and, if the evidence leaves it to conjecture, the plaintiff must fail in his action.

8. ———: ———: ———: **Section Hand Run Over by Hand Car: Cause of Injury Shown With Reasonable Certainty.** In an action by a section hand for damages for injuries caused by slipping and falling from a hand car and being run over while he was lying in the track by a second and third hand car which were immediately following, evidence *held* to show with reasonable certainty, that the injuries plaintiff received resulted from being run over by the two hand cars, hence an instruction which permitted a recovery for such injuries as were the direct result of plaintiff being run into or over by the two cars following the one on which he was riding was not objectionable as permitting the jury to speculate as to what part of plaintiff's injuries were caused by being run over by the hand cars.

9. **DAMAGES: Excessive Damages: Evidence Considered in Light Most Favorable to Plaintiff.** A verdict of $4000 *held* not excessive and the result of passion and prejudice on the part of the jury in view of the evidence, it being the duty of the appellate court to consider plaintiff's evidence in the light most favorable to him.

Appeal from the Circuit Court of Pike County.—*Hon. Edgar B. Woolfolk*, Judge.

AFFIRMED.

*Vivian S. Smith* and *Charles M. Miller* for appellant.

(1) The trial court erred in refusing defendant's peremptory instructions offered at the close of plantiff's evidence, and at the close of all the evidence, for the reason that plaintiff made out no case of actionable negligence against defendant. Reeves v. Railroad, 251 Mo. 169-176; American Brewing Ass'n v. Talbot, 141 Mo. 674; Fuchs v. St. Louis, 167 Mo. 620; Stone v. Railroad,

171 Mass. 536; Starkey v. Greenville, 189 Mo. App. 352. Baker v. Lusk, 199 Mo. App. 44; Wilt v. Coughlin, 176 Mo. App. 275. Sullivan v. Railroad, 133 Mo. 1; Braden v. Railroad, 174 Mo. App. 584; Williams v. Railroad, 119 Mo. 316. (2) The trial court erred in giving plaintiff's instruction No. 1, for the reason that it is a roving direction to the jury and permitted the jury to base a verdict on any theory of negligence which they could construct or evolve out of their minds without reference to the charge of negligence in the petition, and allowed them to determine the law as well as the fact. Delo v. Mining Co., 160 Mo. App. 38-45, and cases therein cited. (3) The trial court erred in giving plaintiff's instruction No. 2 for the reasons: (a) It improperly submitted a matter which did not constitute negligence under the facts of the case, and (b) it did not properly declare the law as to diminution of damages in the event the jury found plaintiff negligent. Norfolk and W. Co. v. Earnest, 229 U. S. 114, 57 L. Ed. 1096. (4) The trial court erred in giving plaintiff's instruction No. 3 for the reason that there was no evidence upon which to base the instruction or from which the jury could determine without conjecture the issue therein submitted. (5) The trial court erred in refusing defendant's instruction No. 8, for the reason that actionable negligence could not be predicated against defendant on the distance the hand cars were being operated apart at the time of the accident. (6) The damages are excessive.

*Hostetter & Haley* for respondent.

BIGGS, C.—Defendant appeals from a judgment against it for $4000 in a negligence case.

On June 27, 1917, and for about three months prior thereto, plaintiff was employed by defendant as a section hand at Louisiana, Missouri. On the day in question plaintiff and seven other men including a foreman, were returning to Louisiana on a hand car from a point about two miles west therefrom, where they had been at work repairing the track. The car in question was of the or-

dinary type, about six feet long and four feet wide, being slightly narrower than the space between the rails, and was propelled by handle bars worked by the men, one on the front end, and the other at the rear. At the time of the accident there were four other separate crews of men working on the track further west from the point where plaintiff had been working and the five gangs of men were at the same time returning to Louisiana, their common destination, on separate hand cars.

The crew of which plaintiff was a part, was riding on the front hand car. The second car was running about 25 or 30 feet behind the first, and a third car was about the same distance behind the second car. While plaintiff's car was traveling, according to the evidence, from six to ten miles an hour and running smoothly plaintiff, who was on the rear end of the hand car, being one of four men who were pumping the levers or handle bars up and down in order to propel the car, through some means slipped and fell from the car into the middle of the track. The plaintiff testified: "Well, by some means my right foot slipped some way and my left hand being sweaty, I had my left hand on the lever, and my foot slipped over, being crowded, overbalanced me and I fell off." As a result, the second and third hand cars, which were immediately following, ran over plaintiff while he was lying in the track. For the injuries thus received plaintiff brings this action, setting up several acts of negligence on the part of defendant, all of which were instructed out of the case for lack of evidence, save the allegation to the effect that the hand cars were negligently operated too close together, which was alleged to have been the cause of plaintiff's injuries.

Plaintiff at the time was engaged in interstate commerce, and hence the Federal Employers' Liability Act applies, resulting in liability on the part of defendant for an act of negligence of plaintiff's co-employees or fellow servants.

As the record now stands before us the sole right of plaintiff to recover is based on the theory that the

men on the hand car following the one on which plaintiff was riding were in duty bound to so operate their car, either by keeping it under control, or running it at such distance behind the car in front, that in the event some one fell off of the front car they would be able to stop before running over him. Plaintiff asserts the crew on the second hand car could reasonably anticipate the danger of some one falling off the first car, and that it was negligence for them to run the car so close to the one in front as to be unable to stop in the event of the happening of that contingency.

Defendant contends that it was not negligence to operate the second hand car at the rate of six to ten miles an hour so close to the front car that in the event one of the men fell off of the front car on to the track the second car could not be stopped in time to prevent running over such man, and that the defendant could not be expected to reasonably anticipate the happening of such an occurrence, and therefore its demurrer to the evidence should have been sustained.

We cannot take defendant's view of this matter. It seems to us that the foreman or others in charge of the second hand car could reasonably have anticipated that some one might accidentally fall from the front car, in view of its crowded condition, there being four men standing side to side in a space of about four feet working the lever up and down, and there being no guard or rail around the car to prevent one from falling therefrom and in view of the further fact, as shown by many reported cases, that men before have often fallen from hand cars. There was no necessity for these cars being run so close together, and we do not think that the event was so unusual or improbable that there was no reasonable ground for the defendant to have anticipated the happening thereof. In this case one of the witnesses who had had experience, testified that one would be liable at any time to slip and lose his balance.

Those in charge of the second hand car, which was running at the rate of six or eight miles an hour about

thirty feet behind the car on which plaintiff was riding and for whose acts the defendant was responsible, had reasonable grounds to anticipate that some one might fall from the front hand car, or that the front hand car might suddenly stop for various reasons, and it was therefore negligence to have run the second hand car so close to the front car that the same could not be stopped in time to prevent a collision or other accident. The evidence tended to prove that the second hand car was operated by the defendant in a negligent manner, in that considering the rate of speed at which it was traveling it was run too close to the front hand car, thereby causing injuries to the plaintiff when he accidently fell therefrom. [American Brewing Ass'n v. Talbot, 141 Mo. 674, l. c. 684, 42 S. W. 679; Fuchs v. City of St. Louis, 167 Mo. 620, 67 S. W. 610.]

In the case of Houston E. & W. T. Ry. Co. v. Samford (Court of Civil Appeal of Texas), 181 S. W. 857, a hand car in charge of a section foreman on which plaintiff, a section hand was riding, followed a passenger train as it pulled out of a station. The hand car was about 30 feet behind the train, and the train suddenly stopped to avoid a collision at a street crossing with a pedestrian. The hand car collided with the rear end of the train and the plaintiff was injured. It was there held that the proximate cause of the injury was the negligent manner of operating the hand car, and that the foreman should have anticipated the probable stopping of the passenger train under the circumstances, and that he could have avoided the collision by not running so close to the rear of the passenger train. The Court in that case, l. c. 858, says:

"Showing, as the evidence does, that the section foreman had reasonable grounds to anticipate the fact of the probable stopping of the passenger train at or near a street crossing in the town limits, and that he, in directing the operation of the hand car, might have avoided the collision or lessened its effect through a lower rate of speed and by keeping at a greater distance to the rear of the passenger train, a clear legal reason exists for sustaining the finding of the jury that the real producing

cause of the injury which followed the colliding of the hand car with the passenger train was the negligent manner of operating the hand car."

A simple rule requiring that the hand cars be run a certain distance apart, say the distance between telegraph poles, would have prevented the second car running over plaintiff when he fell on the track.

Such a rule was in force by defendant in the case of Cardwell v. Norfolk & Western R. R. Co., 114 Va. 500. The manifest purpose of such a regulation would be to prevent collisions between the hand cars when the front car would jump the track or be required to suddenly stop or check its speed which might become necessary for many reasons, and also to prevent the rear cars from running over employees who may happen to fall from the preceding cars. · Defendant's demurrer to the evidence was properly refused.

Defendant urges that the court erred in giving instruction No. 1 for the plaintiff. That instruction reads:

"The court instructs the jury that under the evidence in this cause the plaintiff was engaged in interstate commerce at the time he claimed he was injured on June 27, 1917; and is entitled to the protection afforded by the Federal Employers' Liability Act.

"And you are further instructed that if you find that plaintiff's injuries, if in fact he sustained injuries, were caused by the negligence of one or more of the other employees of defendant, then your verdict must be for the plaintiff; and this is true even though you may further find and believe that plaintiff himself was negligent and that his negligence contributed to his injuries."

Defendant's objections are twofold. First, that it was misleading to the jury to tell them that the plaintiff was entitled to the protection of the Federal Employers' Liability Act, as such would lead them to believe this law made defendant liable without regard to negligence; and second, that the instruction is erroneous because it did not limit the issue to the alleged act of negligence left in the case after the other charges of negligence had been withdrawn from the jury by specific instructions of the

court, and permitted the jurors to return a verdict on any theory of negligence not alleged or proven or which they might evolve out of their own minds.

We think the first objection not serious. The jury did not know what protection the Federal Employers' Liability Act afforded the plaintiff except what was stated in the instruction of the court. It is not reasonable to suppose that by reason of such instruction they could have concluded that the defendant would be liable to the plaintiff without regard to negligence.

The second objection to the instruction is more serious. The petition contained three separate charges of negligence. Two of these charges were specifically withdrawn from the jury's consideration by special instructions offered by defendant, for the reason there was no evidence offered by plaintiff in support of such charges. The only act of negligence remaining was the one to the effect that the employees of the defendant negligently ran the hand cars too close together. By defendant's second instruction this particular act of negligence, if found to exist by the jury, permitted a recovery for the plaintiff.

It is urged by the defendant that this instruction No. 1 was too general in character, and permitted the jury to find for defendant on any act of negligence not pleaded or proven. It may be noted that the language of the instruction uses the words "the negligence," and does not use the words "any negligence." The only alleged act of negligence left in the case was covered by instruction No. 2.

We have examined the record carefully, and the proof submitted in the case covers only the specific act of negligence complained of in the petition, namely, that the hand cars were negligently run too close together. In using the words "the negligence," the only negligence that could be referred to was the specific act of negligence pleaded and proven.

In the case of Riley v. City of Independence, 258 Mo. 671, l. c. 684, the Supreme Court in considering the effect of an instruction broader than the petition, says:

"The rule is that the instructions must be within both the proof and the pleadings. But does it follow from all this that his case should be reversed for this defect in the instruction? We think not. The jury could not have been misled by the general terms of the instruction, because the proof in the case covered only the specific matters complained of in the petition. Had the proof gone beyond the specific matters mentioned in the petition we would have had a different proposition entirely. But here the proof was confined strictly to the negligent acts charged in the petition, and the jury therefore had before it no other negligent act to consider. Under these circumstances we do not think that this instruction was misleading or in anywise injurious to the defendant. Error without injury is not reversible error. This contention we rule against defendant."

Under the facts established in the present case, the words "the negligence" used in the instruction meant the one act of negligence in the case, and the only one which the evidence tended to support, and the jury being at least reasonably intelligent men must have understood the use of such words to mean only the negligence that was an issue in the case and which was covered by the succeeding instruction No. 2.

The case is distinguishable from Stumpf v. United Railways Company recently decided by this court but not yet officially reported, in that the instruction in that case authorized a verdict for plaintiff if the jury believed that the plaintiff's injuries were caused *"wholly because of negligence on the part of the employees of the defendant in charge of the car, as such negligence is defined in the other instructions of the court."* In that case in another instruction the court defined negligence as the omission of ordinary care, and by such instruction authorized a recovery if the jury believed that the defendant in any respect failed to exercise ordinary care. In the Stumpf case it is pointed out by Judge ALLEN in his

opinion that the jury under the record there may have concluded that defendant's motorman was negligent in starting the car before he fully closed the door, thus making it possible for one to leave the car after it had started forward, and that therefore the jury may have concluded this to be negligence when that act was not pleaded or relied upon by the plaintiff.

By specific instructions the court in this case told the jury that there was no evidence that the hand car was not sufficient and reasonably safe for four men to ride on the rear thereof or that plaintiff was negligently and carelessly crowded off the hand car, these being alleged acts of negligence unsupported by the evidence. In view of these instructions eliminating these issues, we do not think under the evidence the jury could have reasonably concluded that any other act of negligence than the one alleged was the cause of plaintiff's injuries.

As the proof did not go beyond the specific act charged in the petition, and as the jury did not have before it any other than the one specific charge of negligence, we rule that the instruction while erroneous was not injurious to the defendant and did not constitute reversible error.

Complaint is made of the plaintiff's instruction No. 2 regarding the amount of damages, in that it did not lay down a proper rule for their guidance in reference to the diminution of the damages in the event they found plaintiff was negligent. The instruction told the jury that if they found for the plaintiff under the facts, they could only consider plaintiff's negligence in diminution of his damages.

Section 3 of the Federal Employers' Liability Act provides that ''the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.''

While the language used in the instruction, strictly speaking, does not correctly state the rule of recovery

promulgated by the statute referred to, we think the jury was not led into error on account of the instruction, and that from the language used they understood that they should deduct from the total amount of damages resulting from the joint negligence the amount of damages caused by the contributory negligence of plaintiff, if any. Defendant failed to request a more specific instruction than the one given, and we do not regard the error sufficient to justify a reversal of the judgment. [Norfolk E. W. R. R. Company v. Earnest, 229 U. S. 114; Arizona Eastern Railway Company v. Bryan, 18 Arizona 106, 157 Pac. Rep. 376; same case affirmed in 242 U. S. 621.]

Plaintiff's instruction on the measure of damages is also complained against as permitting the jury to speculate as to what part of plantiff's injuries were caused by being run over by the hand car. It is claimed there was no evidence from which the jury could say what part of plaintiff's injuries resulted from falling off backwards from the hand car or what part were caused by being run over by the two following hand cars. The instruction referred to only permits a recovery for such injuries as were the direct result of plaintiff being run into or over by the two cars following the one on which he was riding.

The rule is well established that "if the injury may have resulted from one of two causes, for one of which and not the other the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result, and if the evidence leaves it to conjecture, the plaintiff must fail in his action." [Warner v. Railroad, 178 Mo. 125, l. c. 134, 77 S. W. 67; Graefe v. Transit Company, 224 Mo. 232, l. c. 263, 123 S. W. 835; Veiss v. United Railways Company, 184 Mo. App. 30, l. c. 38, 167 S. W. 615.]

In the present case it is true the defendant would not be responsible for the injuries received by plaintiff by reason of his accidentally falling from the hand car, but defendant would be accountable for the

injuries received resulting from the two following hand cars which ran over the plaintiff. The record does not show what injuries, if any, plaintiff received as a direct result of falling onto the track from the hand car, but we think the evidence is sufficient to warrant a finding that certainly the major portion of plaintiff's injuries resulted from being run over by the two hand cars. For instance, plaintiff testified: ''Q. How many cars ran over you? A. Two cars. Q. Where did they hit you or run over you, just explain to the jury what part of your body was affected by the going over it? A. Well they went across me on my side—left side or my hip, cross my stomach here and I was on the rail then. . . Q. You may tell the jury what effect the running over you by these cars had upon the old rupture the one on the right side? A. Why, its lots worse and pains me more. Q. Explain to the jury the effect these injuries had on your stomach, just explain how you felt in reference to your stomach after the accident? A. Well, my stomach felt all full of gas and bloated up.''

Plaintiff's main injuries were to his stomach, and we think it may be said from the evidence in the case with reasonable certainty that the injuries plaintiff received resulted from being run over by the two hand cars, and that the cause of plaintiff's injuries was not left to mere speculation or conjecture.

Lastly, it is claimed that the verdict of $4000 is excessive. This opinion cannot be prolonged by giving in detail plaintiff's injuries. Suffice it to say that we have examined the record carefully, and have concluded that it could not be said that the verdict is excessive and the result of passion and prejudice on the part of the jury when plaintiff's evidence is considered in the light most favorable to him, which is our duty to do in the premises.

No error appearing injurious to the defendant, the judgment should be affirmed, and it is so recommended by the Commissioner.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen* and *Becker, JJ.,* concur.

*Reporter's Note*: Certiorari issued in the above cause by the Supreme Court, on hearing, was quashed, December 30, 1921. See 236 S. W. Rep. 868.