[Civil No. 1754.   Filed December 23, 1919.]

[185 Pac. 825.]

## BIG LEDGE COPPER COMPANY, a Corporation, Appellant, v. GEORGE C. DEDRICK, Appellee.

1. TRIAL—ARGUMENT OF COUNSEL NOT GROUND FOR REVERSAL WHERE PROVOKED BY ADVERSE COUNSEL.—In action for injuries to employee, where counsel for employer in argument stated that defendant was practically broke, that a judgment against it would cause irreparable damage and practically put it out of business, statements by employee's attorney that "it is a matter of common knowledge in this state that every corporation can protect itself by carrying liability insurance, and if this corporation was negligent in failing to take out insurance, it was its fault," *held* not ground for reversal having been provoked by statements by counsel for employer.

2. TRIAL—ARGUMENT OF COUNSEL NOT GROUND FOR REVERSAL WHERE PROVOKED BY ADVERSE COUNSEL.—Improper language used in argu-

---

1. Misconduct in argument of counsel which calls for a new trial, note, 9 Am. St. Rep. 559.

ment is not ground for reversal, where provoked by counsel for adverse party, unless it appears quite plainly that the verdict was influenced thereby, though language used would clearly authorize a reversal in the absence of such provocation.

3. TRIAL—OBJECTION TO IMPROPER REMARKS BY COUNSEL SUFFICIENT.— Objection to remarks of counsel in argument to jury, specifying the remarks objected to, was sufficient to call for a ruling thereon by the court, though reason for objection was not pointed out, where remarks could not be justified on any ground, except as retaliatory to remarks of counsel for adverse party.

4. TRIAL—ADMONITION TO DISREGARD IMPROPER REMARKS BY COUNSEL INSUFFICIENT.—In employee's action for injuries, where employee's counsel had made improper remarks in argument to jury as to protection afforded employers by liability insurance, a general instruction, charging jury to try the case free from bias and prejudice and wholly on the evidence, was not tantamount to directing jury to disregard counsel's improper remarks, since such remarks should be specifically withdrawn from jury, with proper admonitions, generally on objection, and always on motion, unless they were provoked by remarks of counsel for adverse party.

APPEAL from a judgment of the Superior Court of the County of Yavapai. J. J. Sweeney, Judge. Affirmed.

Messrs. Anderson & Ellis, for Appellant.

Messrs. O'Sullivan & Morgan, for Appellee.

CUNNINGHAM, C. J.—The only questions presented by this record and urged on this appeal are the questions arising out of alleged misconduct of the attorney for the plaintiff, alleged to have occurred during such attorney's argument at the close of the trial. Plaintiff's attorney, in his closing argument to the jury said:

"It is a matter of common knowledge in this state that every corporation can protect itself by carrying liability insurance, and if this corporation was negligent in failing to take out insurance it was its fault.

"It is a matter of common knowledge, where a

---

3. Necessity and sufficiency of objection and exception to improper argument of counsel, notes, 7 Ann. Cas. 229; Ann. Cas. 1916A, 551.

man receives an injury, the corporation does not pay, as they are always protected by the liability insurance they carry.

"It is a matter of common knowledge that every mining company of any consequence in this state carries liability insurance."

The appellant insists: First, that the court erred in failing and refusing to admonish the jury and instruct the jury to disregard said statements and not to consider same in arriving at their verdict; second, because the verdict and judgment were excessive, and the result of bias and prejudice engendered by the remarks of counsel; and, third, the verdict and judgment was "based at least to some extent upon the said unsworn statements of counsel."

The appellee's counsel, charged with making the above statements, in an affidavit admits that he made statements in substance about as alleged, but excuses that matter on the ground that he was impelled to make the statements because the argument appellant's counsel had used goaded him, and in answer he became impatient, making the remarks in a moment of passion. The minute entry presenting the record of this incident is as follows:

"Comes now J. A. Ellis, counsel for defendant, and interposes an objection to certain remarks made to the jury by P. W. O'Sullivan, of counsel for plaintiff, in his closing argument, and said remarks objected to, being in substance as follows: [Setting forth the middle paragraph above quoted; the first and third are added by affidavit]. Whereupon the court ordered the objectionable remarks entered in the record."

The minutes further show that the defendant moved for a new trial "on the grounds of error in the argument of counsel for plaintiff," and appealed from an order refusing a new trial. The record is silent as to any request from any source for the court to admonish the jury and instruct the jury to

disregard the said statements and give them no consideration in arriving at their verdict.

The court, in the instructions, charged the jury to determine facts from a preponderance of the evidence, and kept the duty constantly before them. In finishing the voluntary charge of the court, the following language was used:

"It now becomes your duty to lay aside every vestige of passion, bias, and prejudice, and fearlessly and impartially decide this case now submitted to you. Under your oaths, gentlemen, I charge you to carefully, conscientiously, and fearlessly consider this case solely upon the evidence presented and the instructions of the court, and to render your verdict without sympathy either for the plaintiff or the defendant."

—thus closing the instructions. It seems quite clear under the law that the trial judge was required to go no further than the record discloses he did go. His omission to admonish the jury to give no consideration to counsel's said remarks cannot be justly deemed error when, as seems to have been the case, the counsel objecting to the remark made no request for such admonition. If the request had been made and refused, the result would have presented a very different case.

"In most jurisdictions an objection or exception to improper arguments or remarks of counsel or other misconduct is not in itself sufficient ground for reversal on appeal, but the action of the trial court must have been invoked by a request to instruct the jury to disregard them, by motion to declare a mistrial or otherwise. When the court sustains an objection to remarks of counsel in argument, and no further ruling is asked on the subject, it cannot be urged on appeal that the remarks should have been ruled out or the jury instructed to disregard them." 3 Corpus Juris, 863, 864, and cases referred to in notes accompanying.

The cases on this proposition are numerous. Strictly speaking, the record before us conclusively shows that the court in this instance sustained the defendant's objections to the improper remarks of the plaintiff's counsel and granted defendant's request by making the objectionable remarks a matter of record. No further or other action of the court was invoked at that time, nor at any other time until after a verdict was rendered in favor of plaintiff.

The defendant duly moved for a new trial, and assigned as one ground for such motion the incident here under discussion. The court refused to grant a new trial, and the trial court must have considered the statements of counsel harmless after said statements were made of record. Consequently, entertaining such view, the motion was properly denied. On the whole case, I fail to see any certain prejudice to the defendant's case resulting even remotely from the objectionable statements. Certainly the statements of counsel did not add any strength to the evidence in support of the plaintiff's right to recover some compensation.

The evidence is undisputed that plaintiff lost eighty-seven days at the Humbolt Hospital, and at Phoenix forty days under treatment—a matter of 127 days. The plaintiff lost a thumb and the partial use of fingers of his left hand. His thumb was amputated the first day he was at the Humbolt Hospital, and he underwent several additional operations for the removal of fractured and crushed pieces of bone thereafter. He testified to the pain and suffering accompanying his wounded condition and induced from said necessary treatment. The evidence, without dispute, shows that plaintiff is permanently injured and is unable to operate a drill; because of the loss of his thumb he cannot "turn the steel"—meaning that he cannot revolve the drill steel in the hole

being made for blasting the rock. With these elements of damage and loss to the plaintiff before the jury, can it be fairly said that a verdict for $4,000 is excessive?

The plaintiff claimed and was allowed two-thirds of his claim of general damages, and no more. I can see in the circumstances no element of bias or prejudice entering. into the verdict, in so far as the amount of the verdict was influenced thereby. It is the province of the jury to determine the loss within the evidence, and compensate such loss by their verdict, without bias, prejudice or influence other than the facts deducible from all of the testimony in the case. Upon the face of the record, the jury has performed its duty properly in this case.

The judgment is without error, and is affirmed.

ROSS, J. (Concurring.)—I agree with the conclusion of the Chief Justice, but place it upon the grounds that the remarks of counsel for plaintiff were provoked by statements of counsel for defendant equally as foreign to the issue and quite as uncalled for. The latter in his argument to the jury said, in substance:

"That defendant was practically broke; that a judgment against it would cause irreparable damage and injury; that it could not afford to be mulcted in damages; that the defendant company would be ruined, and practically put out of business, if a jury rendered a verdict against it in this case."

Counsel for plaintiff justifies his excursion outside of the record, and claims his remarks were made only for the purpose of counteracting the poverty plea made in behalf of defendant. To uphold such a contention may seem to reverse the old adage, "Two wrongs never make a right"; but at the same time it preserves the rule that forbids one from taking advantage of a wrong that he himself has provoked.

"Improper language used in argument is not ground for reversal, where such language was provoked by the remarks of counsel for the adverse party, unless it appears quite plainly that the verdict was influenced thereby. . . . Moreover, the rule applies, although the language used would clearly authorize a reversal in the absence of such provocation." 38 Cyc. 1501.

This seems to be a fair statement of the rule as generally recognized by the courts.

I think appellant's objection to the remarks of counsel for appellee was sufficient to call for a ruling thereon by the court. It was not necessary for him to point out wherein the remarks were objectionable, for they could not be justified on any ground except as retaliatory. The language used by counsel for plaintiff would have been highly improper, in the absence of the remarks of counsel for defendant, and doubtless would have been withdrawn from the jury by proper directions, on objection thereto by defendant, had not defendant's counsel been equally guilty of going outside of the record in his address to the jury.

I do not think a general instruction that the jury try the case free from bias and prejudice and wholly upon the evidence was tantamount to directing it to disregard the remarks of counsel. Statements of that character should be specifically withdrawn from the jury, with proper admonitions, generally upon objection, and always upon motion, unless they were provoked, as in this case.

BAKER, J.—I concur in Judge ROSS' opinion.