[Civil No. 3339.   Filed January 15, 1934.]

[28 Pac. (2d) 621.]

FLOYD MEDLOCK, Appellant, v. IVY A. FLOR-IAN, Doing Business Under the Firm Name and Style of BARKER BAKERY, Appellee.

Messrs. Hayes, Stanford, Walton, Allee & Williams, for Appellant.

Messrs. Ellinwood & Ross and Mr. Norman S. Hull, for Appellee.

LOCKWOOD, J.—This is an appeal by Floyd Medlock, hereinafter called plaintiff, from a judgment of the superior court of Maricopa county which was rendered in his favor in an action which he brought against Ivy A. Florian, hereinafter called defendant, for damages which plaintiff alleged occurred to him and to his automobile as the result of a collision caused by the negligence of one of Florian's employees.

The plaintiff claimed damages of $51,500 for personal injuries and of $110.75 for injuries to his automobile. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $360.75. Defendant did not contend during the trial that the accident was not caused by the negligence of his employee, but took the position that if plaintiff had sustained any injuries to his person as a result of the accident, they were trivial, and that if his health was not good after the accident, it was the result of matters which antedated the accident and were in no way caused or increased by it. After the verdict and judgment thereon, the usual motion for new trial was filed, among the grounds being that the damages awarded were insufficient and appeared to have been given under the influence of passion and prejudice. This motion was overruled by the trial court.

There is but one question raised on the appeal and that is as to the adequacy of the verdict. The question of the amount of damages is generally a matter for the jury. A trial judge may under our statute twice set aside a verdict if in his opinion it is contrary to the weight of the evidence. Section 3849, Rev. Code 1928. And we have said that this power should be exercised liberally in the interests of justice. *Dennis* v. *Stukey*, 37 Ariz. 299, 294 Pac. 276. But this tribunal has laid down as a universal rule, never departed from for many years, that if there is a material conflict in the evidence, so that the verdict depends upon the belief of the jurors as to the credibility of any of the witnesses and the probability or improbability of their testimony, it will not be disturbed by us unless it appears affirmatively that it must have been the result of an error of law or of passion and prejudice on the part of the jury. *Kjerschow* v. *Daggs*, 24 Ariz. 207, 207 Pac. 1089. Particularly is this true as to the amount of damages. *City of Phoenix* v. *Nutt*, 36 Ariz. 405, 286 Pac. 371;

*United Verde Copper Co.* v. *Wiley,* 20 Ariz. 525, 183 Pac. 737.

The trial court having denied the motion for a new trial, we cannot substitute our opinion of what would have been adequate damages on our theory of what were the actual injuries sustained by plaintiff, and can only set aside the verdict if there is no reasonable evidence found in the record to support it. We therefore consider the evidence. It would serve no useful purpose as a precedent to set it forth in full, or even to quote extracts from it, as no two cases are alike, and on a question like that before us each stands or falls by its own facts. If the jury had believed the statements of the plaintiff and his medical experts as to his condition resulting from the accident, and had placed the strongest possible interpretation in his favor on such statements, they should and doubtless would have returned a much larger verdict. On the other hand, the testimony of the expert witnesses for the defendant was of such a nature that if the jury accepted that they must have disbelieved much of the testimony offered on behalf of plaintiff as to the extent and seriousness of any injuries to him caused by the accident. It further appears that on cross-examination plaintiff's expert witnesses made statements which would justify a reasonable man in reaching the conclusion that their testimony on direct examination was somewhat more favorable to him than the facts actually justified. We cannot, as an appellate tribunal, say that the jury was not legally authorized to reach the conclusion that the only serious injuries flowing from the accident were those to plaintiff's automobile, and that any physical results to him therefrom were of a trivial and minor nature. It is true that the jurors might have taken a different view of the evidence, but they did not choose to do so and we cannot say that this is of itself an indication of passion or preju-

dice upon their part. The rule to be applied to a record of this nature by an appellate tribunal is well set .forth in the case of *Norland* v. *Peterson,* 169 Wash. 380, 13 Pac. (2d) 483, as follows:

"The trial court, in passing upon a motion for new trial based upon the ground that the verdict of the jury is inadequate or excessive, will consider the evidence, and, if that court is of the opinion that substantial justice has not been done, it will, in the exercise of its duty, grant a new trial. *Daigle* v. *Rudebeck,* 154 Wash. 536, 282 Pac. 827. But the function of this court is different, and the ruling of the trial court upon the motion will not be disturbed upon appeal, unless it can be said that the verdict is so far inadequate or so excessive as to be without support in the evidence, or it must appear that the verdict was the result of some extrinsic consideration, such as bias, passion, or prejudice on the part of the jury. *Dorian* v. *Boone,* 152 Wash. 681, 279 Pac. 107."

Applying that rule to the present case, we are compelled to affirm the judgment of the superior court of Maricopa county and it is so ordered.

ROSS, C. J., and McALISTER, J., concur.