## MESSINGER v KARG

Ohio Appeals, 6th Dist, Huron Co

No 312.   Decided March 12, 1934

J. E. Priddy, Findlay, and C. A. Blackford, Findlay, for plaintiff in error.

Young & Young, Norwalk, for defendant in error.

## OPINION

By RICHARDS, J.

· The court finds no reversible error in the record in this case except one which relates to what occurred during the argument of the case in the trial court, those arguments being fully reported in the record.

The evidence discloses that William D. Karg was taken to a hospital after his injury and after being there for some time, Mrs. Messinger called on him while Mrs. Karg also was present. A witness, who was present at that interview, was called and the following appears in the record:

"Q. What did she (meaning 'Mrs. Messinger) say to you? A. She didn't talk to me, she talked in my presence to Mrs. Karg, in front of Mr. Karg, she told her how sorry she was on account of this accident, and told her not to worry about any of the expenses because she would take care of all that.

Q. Say anything else? A. She said,— she didn't exactly say she would take care of it, she said the insurance company would take care of it."

During the argument of the case counsel for Mrs. Messinger used the following language to the jury:

"Now, for them to attempt to hold this defendant and make her pay for the injuries these people received who were her friends! Who is going to pay her for her injuries? No one is contributing to · that. No one has made any voluntary offer to compensate her for her injuries or her husband's, or for the property damage to her car, but Mr. Karg wants to be compensated."

Further along in his argument, after expressing sympathy for Mr. Karg, counsel proceeded:

"I do part company with them when they come into court and· when they ask to be compensated by their friends. They were all going to the same place, they were Mr. Karg's guests and friends and were going to his home, and this unpleasant thing happened that she could not help."

The foregoing is all that was said on this subject by counsel for Mrs. Messinger and the argument was entirely proper.

In argument by counsel for Karg, the following occurred:

"She (meaning Mrs. Messinger) is just trying to defend herself, maybe these folks have her scared by trying to make her believe she has to pay * * *

Mr. Blackford: I object to this line of argument.

You are suing Mrs. Messinger.

Mr. Young: But you have no right to say we are trying to make Mrs. Messinger pay it.

Mr. Blackford: She is being sued for $55,000.00.

The Court: You may proceed, Mr. Young, as far as you have gone.

. Mr. Blackford: Exception."

This is all that occurred on this subject, and counsel for Karg insist that whatever he said was justified by the statements made by counsel on the other side. We do not so read the record. The statements made on behalf of Mrs. Messinger were entirely justified by the record and Karg was seeking compensation from his friend. It is true that Mrs. Messinger had said, while in the hospital, that the insurance company would

take care of it, but that was a matter of absolutely no consequence, so far as the rights of the parties were concerned, and from the nature of things she could not know whether the insurance company would or would not take care of it. As said by counsel, the various actions involved claims for $55,000.00 against Mrs. Messinger and the record does not show the amount of the insurance held by her. It might well be that the insurance company would have some defense, or as sometimes happened in those days, it might prove to be insolvent. So far as Mrs. Karg was concerned, the only claim he had was against Mrs. Messinger who was the only defendant. Counsel for Karg had no right to suggest to the jury that counsel for Mrs. Messinger had her scared by trying to make her believe she would have to pay, nor to suggest to the jury that they were not trying to make Mrs. Messinger pay damages, the necessary inference being from these statements that the real party responsible was an insurance company. The vice in this line of argument is perfectly apparent, and when we consider that there was an abundance of conflict in the testimony on the subject of liability and that a former jury had returned a verdict the other way, the prejudicial character of the argument is obvious. If, as argued by counsel, they were not trying to make Mrs. Messinger pay, then they should have dismissed their action. The liability or nonliability of an insurance company was not an issue in the case and in view of the evidence in this record, the argument was manifestly prejudicial and the judgment must be reversed and the cause remanded for a new trial.

Judgment reversed.

WILLIAMS and LLOYD, JJ, concur.