[Civil No. 4390.   Filed January 26, 1942.]

[121 Pac. (2d) 412.]

ROY W. SADLER, Appellant, v. ARIZONA FLOUR MILLS COMPANY, a Corporation, Appellee.

Mr. V. L. Hash, for Appellant.

Messrs. Cunningham & Carson and Mr. Joseph T. Melczer, for Appellee.

ROSS, J.—This is an appeal by defendant, Roy W. Sadler, from an order setting aside the verdict and granting the motion of plaintiff, Arizona Flour Mills Company, for a new trial on the grounds (1) that defendant and his attorney misconducted themselves in argument to the jury, and (2) that the verdict is against the weight of the evidence and contrary to law.

The verdict was returned into court on December 5, 1940, and, on motion of defendant, an order was made granting judgment thereon in his favor. On December 7, 1940, plaintiff filed its motion for a new trial, which was granted December 14, 1940.

Defendant now contends that the motion for new trial was filed before the entry of judgment and that both it and the order granting the new trial were premature under the decisions of this court. He cites *Ellis* v. *First National Bank,* 19 Ariz. 464, 172 Pac. 281 and *Gibson* v. *McLane,* 17 Ariz. 61, 148 Pac. 288, 289. Since the decisions in these cases the law has been changed. The controlling statute now is section 21–1230, Arizona Code 1939 (Rule 58, Rules Civ. Proc.).

■ Defendant's objection to the appeal on the ground that the motion for new trial was premature is without merit. We have frequently held it to be the duty of the court, under section 22, article VI of the state Constitution, to disregard any error or defect in pleading or proceedings which does not affect the substantial rights of a party. *Arizona Cotton Ginning & Manufacturing Co.* v. *Sims,* 29 Ariz. 198, 240 Pac. 341.

■ It should not be overlooked that the court may on its own initiative order a new trial at any time not later than ten days after the entry of judgment, upon any of the grounds specified in section 21–1307 (Rule 59 (d), Rules Civ. Proc.) and, when this section is read in connection with section 21–1301, it would seem that such power may be exercised by the court at any time after verdict, decision or judgment and for ten days after judgment. See *Chesevski* v. *Strawbridge & Clothier,* (D. C.) 25 F. Supp. 325.

Section 21–1301, or the part material to this case, reads as follows:

"21–1301. *Statutory grounds.*—A verdict, decision or judgment may be vacated and a new trial granted, on motion of the aggrieved party, for any of the following causes materially affecting his rights:

. . . . . . . . . . . .

"2. Misconduct of the jury or prevailing party.

. . . . . . . . . . . . .

"7. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."

■■ The defendant was the prevailing party and the court granted the motion for a new trial on the ground of misconduct of his attorney in his argument to the jury. In such argument defendant's counsel repeatedly referred to the plaintiff as "a soulless corporation reaching out to take money from the pocket of defendant," and to witness J. A. Merrill as "Merrill, *alias* Gonzales." There was no evidence in the record to sustain either of these statements or insinuations. It appears that Merrill's name had formerly been Gonzales but had been changed on his petition in a regular proceeding before a court of competent jurisdiction. This witness had a right to have his name changed and the fact that he did so in a legal way should protect him and his testimony from the odium that usually attaches to people who go under assumed names or different *aliases*. The reference to the plaintiff as a soulless corporation endeavoring to pick defendant's pocket was, of course, uncalled for. Whether such utterances to the jury tended to excite the bias and prejudice of the jury was a question, we think, for the court to pass on in considering the motion for new trial. Defendant's contention is that, since no exceptions were taken to such utterances by the plaintiff at the time, they may not be used as a basis for setting aside the verdict or judgment. If this were a case where plaintiff was trying to sustain the verdict or judgment, it might well be that before misconduct in argument by defendant's counsel could be the basis of error on appeal exceptions thereto would have been necessary, but where such misconduct is a ground for vacating

the verdict or judgment the party benefited thereby is not required to make objections to such argument. If the court felt that the use of such language constituted misconduct, it could grant the motion for new trial on that ground even though no objection was made to its use by plaintiff.

■ The granting of a new trial is different from an order refusing a new trial, for in the former the rights of the parties are never finally disposed of as in the latter they may be. The courts accordingly are more liberal in sustaining an order for new trial than where it is denied.

The second ground for granting the new trial is that the verdict is against the weight of the evidence and contrary to law.

■ The action is one for obtaining money from plaintiff by defendant through false and fraudulent pretenses. We do think, in the interests of justice, that we should refrain from entering into a discussion of the evidence and indicating our views of its weight. We have read the evidence and are not satisfied the court erred in holding the verdict is against its weight and contrary to law. We have quite definitely taken the stand that we will not reverse the trial court for granting a new trial where the evidence is conflicting. In *Brownell* v. *Freedman,* 39 Ariz. 385, 6 Pac. (2d) 1115, 1116, we said:

" . . . The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action. On the evidence as above stated and the unquestioned law of the case, we can-

not say affirmatively that the discretion vested in the trial court was abused.''

The order of the court granting plaintiff a new trial is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.