344 P.2d 739

**Albert ZUGSMITH, Appellant,**

v.

**John C. MULLINS, Appellee.**

**No. 6415.**

Supreme Court of Arizona.

Oct. 8, 1959.

Rehearing Denied Nov. 10, 1959.

Jerry Giesler, Rexford Eagan, Beverly Hills, Cal., W. Francis Wilson and Kent A. Blake, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellee

BERNSTEIN, Justice.

This is an action adequately described in Zugsmith v. Mullins, 81 Ariz. 33, 299 P.2d 629, as one to recover a promised brokerage commission for procuring the sale of the shareholdings in the corporation which owns the radio station KPHO and the television station KPHO-TV. This appeal is a sequel to the court's second opinion in the case, 81 Ariz. 185, 303 P.2d 261, in which, although it adhered to its earlier decision reversing the trial judge's granting of defendant's motion for judgment n. o. v., the court remanded the case for disposition by the trial judge of defendant's motion for a new trial. Upon remand, the trial court granted the motion on the ground that the conduct of plaintiff's counsel before the jury deprived defendant of a fair trial. Plaintiff appeals from that decision and defendant cross-appeals on the ground that the motion should have been granted on additional grounds, hereinafter stated.

The granting of a new trial for the reason here assigned by the trial court, as so often stated, is a matter within the sound discretion of the trial court. See Mayo v. Ephrom, 84 Ariz. 169, 172, 325 P.2d 814, 816. But appellate review is made available to provide assurance at least that the discretion accorded to the trial judge is exercised within the bounds of "reason and law". See Mayo v. Ephrom, supra. Although it may be that courts have been more disposed to review an order denying a new trial, see Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 490, 121 P.2d 412, 413, the reports show that, where the situation warranted such review, this court has not been hesitant also to scrutinize with care an order granting a new trial. It has been appreciated that meaningful review in such cases is required to maintain the integrity of the jury trial system and the practical value of court adjudication. See, e. g., Kotsonaros v. 'State of Minne-

sota, 79 Ariz. 368, 290 P.2d 478; Southern Arizona Freight Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193; see also Pettingill v. Fuller, 2 Cir., 107 F.2d 933; Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140; Cottingham v. Hershey, 3 Cir., 71 F.2d 473; Johnson v. Howard, 45 Wash. 2d 433, 275 P.2d 736. In the particular terms of a new trial granted because of the misconduct of counsel, it has been emphasized that a new trial " * * * is never granted as a disciplinary measure but only to prevent a miscarriage of justice." Nelson v. Twin City Motor Bus Co., 239 Minn. 276, 58 N.W.2d 561, 565, or, as stated in our Rules of Civil Procedure, Rule 59(a), 16 A.R.S., for a cause " * * * materially affecting [the] rights * * *" of the aggrieved party.

■■ With the foregoing in mind, we again have reviewed the entire record of the proceedings in this case. Nothing, however, is to be gained from here detailing the various instances where, in our opinion, plaintiff's counsel was at fault. Our first opinion in the matter itself discloses that the action was aggressively prosecuted and vigorously defended at every turn. In the atmosphere which the hot dispute of trial engendered, plaintiff's counsel concedes that his conduct, particularly during cross-examination of defendants and defendants' witnesses, was far from exemplary. The principal conduct to be condemned involved remarks which displayed rudeness to opposing counsel and even to the court. Understandably, such conduct nettled defendant's counsel and irritated the court. But our purpose here, it bears repetition, is not to judge plaintiff's attorney or to vindicate and assuage the feelings of those at whom barbs were directed. Our sole purpose is to judge whether misconduct of plaintiff's attorney influenced the verdict of the jury in plaintiff's favor. Allowing full measure of respect to the trial judge's assessment of the situation, we still cannot believe that it did. Early in the trial, defendant's counsel moved for a mistrial because of alleged misconduct of plaintiff's attorney and then withdrew the motion. The trial judge indicated then that he would have denied the motion if not withdrawn. On other occasions when defendant's counsel urged that plaintiff's attorney had made improper remarks, the trial judge expressed confidence that the jury could distinguish between comment of counsel and evidence and could properly evaluate what transpired. We agree with the trial judge's contemporaneous view concerning those instances. It seems to us apparent from the record itself that the jury decided the case, not influenced by the remarks of counsel, but persuaded by the weight of the evidence presented in plaintiff's favor, including the probability of his story in light of facts which could not be disputed.

Appellee's cross-appeal maintains that a new trial nevertheless should have been

granted because of errors in the instruction of the jury, as follows:

(1) In refusing to instruct that plaintiff could not recover if Mullins' offer was made on behalf of the corporation and not as a stockholder nor as a representative of other stockholders;[1] and

(2) In erroneously instructing the jury concerning the liability of Mullins for misrepresentation of his authority as an agent of other stockholders.

Although we do not have the benefit of the trial court's views concerning the foregoing asserted errors, we take his failure to specify them as grounds for his ordering a new trial as a denial of the motion on those grounds. In any event, in the circumstances, in order finally to dispose of this long pending litigation, we have reviewed the matters assigned and have concluded that they do not warrant the granting of a new trial.

■ Appellee's first point is based in great part on a letter written by Mullins to Zugsmith, on stationery headed "KPHO Radio Television John C. Mullins, President", stating that:

"With respect to the sale of KPHO-TV as I stated to you over the telephone, in the event that you are able to secure a purchaser therefore at a price which is acceptable to us and the deal is closed, we will pay you a commission of 5% on the purchase price."

The argument is that, as the letter supposedly discloses, the promise to pay plaintiff a commission was solely the corporation's promise, dependent on acceptance by the corporation of an offer obtained by plaintiff to purchase its assets; since this transaction took a different form, the stockholders selling their shareholdings to the purchaser plaintiff procured, no one owes plaintiff anything. The complete answer to that argument is that, at least by the time the case was submitted to the jury, the plaintiff's claim was exclusively one for a commission promised and owing on the sale of stock and the basis of the claim, so understood, must have been apparent to the jury as well as to the court and counsel. That, in part, was the necessary effect of the trial judge's orders dismissing the complaint as to the corporation at the conclusion of plaintiff's case and directing a verdict in the corporation's favor. This court noted as much in its first

1. The requested instruction read as follows:
    "If you find by a preponderance of the evidence there was an offer to pay a commission by Mr. Mullins, and if you find that such an offer was made by him as president of and on behalf of Phoenix Television, a corporation, and not as a stockholder and not upon behalf of the other stockholders, then you are instructed that the plaintiff is not entitled to a commission from any of the defendants for the sale of the corporate stock individually owned by such defendants, and your verdict should be in favor of the defendants and against the plaintiff."

opinion [81 Ariz. 33, 36, 299 P.2d 629, 631], where it was explained that plaintiff

" * * * bases his claims upon the ground only that he was the efficient, proximate and procuring cause of the sale of said stock and this was the theory upon which the case was tried and upon which the jury was instructed on · the law of the case. Under all the evidence the owners made the sale to the purchasers of said stock and they chose the modus operandi of the transfer of their interest in KPHO-TV and KPHO Radio Stations to the purchasers. They chose to assign their stock in the two corporations to the purchasers rather than to convey the physical property of the two stations by deed, bill of sale, etc."

Accordingly the instruction requested by defendant was not a necessary one.

■■ Appellee's second argument concerns the extent of Mullins' liability. The ruling of the trial court, affirmed as to the defendant Mills by this court, was that Mullins was not an authorized agent of any principal. Accordingly, it was plain in the setting of the trial that the only questions for the jury were (i) whether Mullins himself was liable, and, (ii) if so, whether for the full amount of the commission promised or only for an amount proportionate to Mullins' shareholding. The instructions given pertaining to Mullins' liability in particular were as follows:

"I.

"A person with knowledge of facts which would reasonably require him to inquire as to the authority of an agent with whom he is contracting and who has means of making such inquiry, occupies the same position under the law as if he had actual knowledge of the agent's lack of authority because he is charged with knowledge of facts which such inquiry would have developed.

"I, therefore, instruct you that if you find by a preponderance of the evidence that * * * plaintiff was advised or otherwise had knowledge that Mr. Mullins did not control the corporate stock in question owned by the other defendants, and if you find that plaintiff had a reasonable opportunity to make inquiry of the other defendants as to Mr. Mullins' authority to represent them, and that plaintiff failed to make such inquiry, he then is charged with the knowledge—charged with the knowledge of Mr. Mullins' lack of authority if you find there was such lack of authority, and plaintiff cannot recover a commission from *anyone* upon the sale of stock owned by such defendants—such other defendants. (Emphasis supplied.)"

"II.

"If you find that plaintiff is entitled to a commission as the procuring cause

of the sale to the Meredith Corporations then you shall consider whether defendant told plaintiff that he, the defendant John Mullins, represented all of his associates who owned stock or whether he represented himself alone in contracting to pay plaintiff a commission.

"In the event under the foregoing circumstances you find that defendant represented all of his associated stockholders, then you shall return a verdict in favor of plaintiff for a commission in a sum equal to five per cent of the contract sale price of the stock.

"In the event that you find that defendant represented only the stock interest owned by himself, then you shall return a verdict in favor of plaintiff for a commission in a sum equal to five per cent of the pro rata share of defendant in the sale price of the stock.

"You are instructed that such pro rata share is thirty-five per cent of the stock sold."

The general rule pertaining to Mullins' liability for misrepresentation of his authority is thus stated in A.L.I., Restatement of Agency Section 329:

" * * * a person who purports to make a contract * * * on behalf of a principal whom he has no power to bind thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized."

See also Section 330 (liability in tort). Appellee complains of the slight confusion in wording in the second paragraph of the second instruction quoted, pointing out that liability for the full amount of the commission promised depends not on whether "defendant represented all of his associated stockholders," but on whether defendant misrepresented to plaintiff that he represented the other stockholders. Taking into account all of the instructions given forming the context of the challenged wording, we think that the meaning conveyed by the trial judge was in conformity with the applicable law and was clear enough for the jury to comprehend.

In sum, we are confident that defendant Mullins was accorded a fair trial in all respects free from reversible error and that there exists no justification for awarding him a new trial. Accordingly, the order granting a new trial is vacated and the cause is remanded with instructions to reinstate the verdict of the jury and to enter judgment in accordance therewith.

PHELPS, C. J., and STRUCKMEYER, UDALL and JOHNSON, JJ., concur.