379 P.2d 976

Bernhard BELIAK, by his next friend, Jacob Beliak, Appellant,

v.

Walter Stanton PLANTS, Appellee.

No. 7009.

Supreme Court of Arizona,

In Division.

March 27, 1963.

Rehearing Denied April 25, 1963.

McKesson & Renaud, Phoenix, for appellant.

Stockton & Aldrich, Phoenix, for appellee.

STRUCKMEYER, Justice.

This is an appeal from a verdict on retrial of a personal injury action as directed by opinion of this Court in Beliak v. Plants, 84 Ariz. 211, 326 P.2d 36. Plaintiff again appeals from a verdict in favor of the defendant. The suit arises out of injuries sustained by plaintiff in 1954 when he was five and one-half years old as a result of being struck by defendant's car backing from a driveway.

On the first appeal this Court found error in the giving of certain instructions on unavoidable accident. Plaintiff again complains that the trial court's instruction on unavoidable accident was error. The instruction, however, fully complied with the principles set forth in the opinion on first appeal. Where the evidence on a second appeal is substantially the same as that of a preceding appeal, all questions adjudicated therein are the law of the case in all subsequent appeals. Sibley v. Jeffreys, 81 Ariz. 272, 305 P.2d 427; Commercial Credit Co. v. Street, 37 Ariz. 204, 291 P. 1003.

Appellant argues that in effect there is a change in facts so that the principles

announced in the former decision are not controlling. Sibley v. Jeffreys, supra. Comparison of the facts as shown in the first opinion with the facts stated in the plaintiff's opening brief herein show only the following difference: the minor plaintiff, who did not testify at the first trial testified at the second. Briefly, his testimony was that his playmates had been pushing him in a wagon; that they stopped pushing him and he noticed that they were across the street from him; that he was two or three feet from the paved portion of the road; that he saw the car coming at a distance of about five feet from him; and that he turned the wagon over away from the car. This evidence is claimed to be in substantial variance from the testimony of the first trial and the Court therefore should re-examine the giving of an instruction on unavoidable accident.

■ In the previous opinion the Court followed the rule announced in Gray v. Woods, 84 Ariz. 87, 324 P.2d 220, that an instruction on unavoidable accident may be given without prejudice where the evidence is subject to an inference that all persons concerned were exercising ordinary care. The additional testimony is not such that the jury would thereby be prevented from inferring that defendant was exercising ordinary care. Hence, this is not a situation wherein the only possible cause of the accident was the negligent act of some other person. Defendant was entitled to have the jury consider whether he was or was not negligent and the instruction given is essentially that if defendant was not negligent plaintiff may not recover. We find no prejudice in the giving of the instruction.

■ The second question centers on defendant's requested instruction #10 as follows:

"I instruct you that no person is an insurer of the safety of others. * * *"

Objection to giving this instruction was made on the ground that the word "insurer" should be defined. However, no specific definition was requested. We believe, considering the instructions as a whole and all the circumstances of the case that the word could not have been understood by the jury as meaning other than that defendant was not absolutely liable because the plaintiff sustained injuries.

■ The third ground of error assigned is that defendant's attorney in his closing argument to the jury was guilty of misconduct. No specific comments are pointed to or specifically identified in the assignment of error. It is asserted generally that defendant's argument, "among other things, consisted of accusations, wholly unwarranted by the evidence, that

the plaintiff, his family, his witnesses and his counsel misrepresented evidence and presented false evidence in order to fraudulently deceive the jury." We think the answer to this assignment lies in the fact that the plaintiff did not make an objection to the argument before the case went to the jury. Misconduct in the closing argument was first raised in the trial court on plaintiff's motion for new trial. Our announced rule is that unless misconduct is so serious that no admonishment could undo the damage, the failure to make timely objection is a waiver of error. City of Prescott v. Sumid, 30 Ariz. 347, 247 P. 122.

The instant case reveals from a reading of the defendant's argument that defendant's counsel put his own particular interpretation on the facts and the credibility to be accorded the testimony of certain of the witnesses. The rule is that wide latitude is allowed in the discussion of facts supplied by the evidence and the inferences to be drawn therefrom. Harvey v. Aubrey, 53 Ariz. 210, 87 P.2d 482. It is further the rule that arguments provoked by the statements of opposing counsel are not grounds for reversal unless plainly shown to have influenced the jury's verdict. Big Ledge Copper Co. v. Dedrick, 21 Ariz. 129, 185 P. 825. Here, much of the defendant's argument of which complaint is made is in response to plaintiff's comments in his opening argument to the jury.

We find nothing in the record of this case upon which to disturb the judgment entered in the court below.

Judgment affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concurring.