381 P.2d 568

**Walter M. WAID, Jr., and Nina Waid, husband and wife, Appellants,**

**v.**

**William F. BERGSCHNEIDER and Christel Bergschneider, husband and wife, Appellees.**

**No. 7075.**

Supreme Court of Arizona.

En Banc.

May 16, 1963.

Richard N. Roylston, Tucson, for appellants.

Johnson & Howard, Tucson, for appellees.

BERNSTEIN, Chief Justice.

Appellants were plaintiffs in a personal injury action arising out of an automobile accident. Plaintiffs received a verdict from the jury. This appeal is taken from an order granting the defendants a new trial on the issue of damages.

The trial court ordered a new trial because "there were improper remarks of the plaintiffs' counsel which conveyed to the jury the fact that the defendants were insured as to their liability and these remarks influenced to some extent the amount of the verdict; in the absence of such remarks, the Court would not have granted a New Trial by reason of the size of the Verdict alone."

It is plaintiffs' contention that a new trial should not have been granted because it was defense counsel's own statement which provoked the remarks implying to the jury that the defendant was insured. In the course of defendants' closing argument, the following exchange took place:

Defense counsel: " * * * I want you to hold the plaintiffs to their proof in this matter under the Court's instructions, for this is a serious case. Eight Thousand Six Hundred Dollars is a lot of money to the plaintiffs. Eight Thousand Six Hundred Dollars is a lot of money to the defendants * * *."

Plaintiffs' counsel: "We object to the argument as improper on the ground that there is no evidence tending to show that the defendants will be required to personally pay any judgment rendered against them in this case."

Defense counsel: "We object to and protest the form of this objection."

Plaintiffs' counsel: "If Mr. Johnson will avow to the Court that his clients will personally have to pay this judgment, we will withdraw our objection."

Defense counsel: "I will avow to the Court that Eight Thousand Six Hundred Dollars is a lot of money to me and that I believe and presume it to be to the plaintiffs, this jury and the defendants."

At the close of the arguments, the trial judge reserved decision on defendants' motion for a mistrial and the jury returned a verdict for the plaintiffs.

Plaintiffs contend that this is a case of invited error. They assert that any improper remarks made by plaintiffs' counsel were justified as a necessary response to defense counsel's argument. There is authority for this contention.[1] We think, however, that the trial judge is in the best position to determine whether comments made during the trial are proper. He has heard the testimony and the arguments and has first-hand knowledge of the attorneys' demeanor. We do not think this is invited error.

In this case, it is pertinent to note the language of the court's order granting a new

trial. It is categorically stated therein that "the Court would not have granted a New Trial by reason of the size of the Verdict alone." In other words, the trial court felt that the verdict was sustained by the evidence; nevertheless, being persuaded that counsels' remarks were improper, he granted a new trial. We fail to see in what way the defendant was prejudiced under these circumstances. Since the size of the verdict was warranted under the evidence we see no basis for assuming that the jury was influenced in their determination by the objectionable comments of counsel.

■ It is the law in this state that reversible error is committed when the existence or lack of insurance is brought into the case and prejudice results. Blue Bar Taxicab Etc. Co. v. Hudspeth, 25 Ariz. 287, 216 P. 246 (1923). Where prejudice does not result, however, a new trial is not proper. We think our recent decision in Muehlebach v. Mercer Mortuary, Inc., 93 Ariz. 60, 378 P.2d 741 (1963) is controlling. In that case we emphasized that a mistrial does not result from the mere mention of insurance. We said:

"There will be, of course, situations where the issue of insurance is injected into a case for a prejudicial purpose or where its discussion is of such a nature

1. For a collection of cases on this point see 4 A.L.R.2d 761. See also the concurring opinion in Big Ledge Copper Co. v. Dedrick, 21 Ariz. 129, 185 P. 825 (1919), where Justice Ross said that the admission of a statement, objectionable in itself, would not constitute reversible error when that statement was provoked by opposing counsel.

as to be prejudicial. In such a situation, a trial judge must grant a mistrial or a new trial. But he must not allow the bare mention of the word 'insurance' to call forth the conditioned response—'mistrial.' He must truly use his discretion." 93 Ariz. at 65, 378 P.2d at 744.

■■■ Defendants contend that in the absence of a showing of an abuse of discretion the new trial granted by the trial judge must be sustained. The granting of a new trial on the ground of misconduct of attorneys is a matter over which the trial court may exercise broad discretion. Colfer v. Ballantyne, 89 Ariz. 408, 363 P.2d 588 (1961). It must appear to this Court that there was an abuse of that discretion before a new trial order will be over-turned. Zugsmith v. Mullins, 86 Ariz. 236, 344 P.2d 739 (1959). It is not the province of an appellate court to interfere with the sound exercise of discretion of a trial court. But as we also said in the Zugsmith case:

"It has been appreciated that meaningful review * * * is required to maintain the integrity of the jury trial system and the practical value of court adjudication." 86 Ariz. at 237, 344 P.2d at 740.

There we also pointed out that a new trial should be granted *only* for a cause materially affecting the rights of the aggrieved party. We find that the rights of the defendants were not materially affected.

The new trial order is therefore vacated and the verdict reinstated.

JENNINGS and LOCKWOOD, JJ., concur.

STRUCKMEYER, Justice (dissenting).

It is my opinion that the majority erroneously interpret the trial court's minute entry of December 28th, 1959, relative to its reason for granting defendants' motion for a new trial. By minute entry of December 22nd, 1959, the court ordered a new trial as to the issue *of the amount of damages only.* Thereafter on December 28th *it specified pursuant to Rule 59(m),* Rules of Civil Procedure, 16 A.R.S., the basis for its order:

"That the order of December 22, 1959 granting a new trial herein was made for the reason that the court was of the opinion that there were improper remarks of the plaintiffs' counsel which conveyed to the jury the fact that the defendants were insured as to their liability *and these remarks influenced to some extent the amount of the verdict;* * * *." (Emphasis supplied)

With this statement the trial court unequivocally indicated that the improper remarks concerning insurance influenced the amount of the verdict.

It is the duty of both this Court and a trial court where it appears that the verdict was a result of extrinsic considerations on the part of the jury to set aside the verdict and order a new trial. Medlock v. Florian, 42 Ariz. 558, 28 P.2d 621. Here, the trial court concluded that extrinsic considerations, the remarks of plaintiffs' counsel inferring insurance, *did* influence the amount of the verdict.

After its statement that the remarks influenced the amount of the verdict the trial court added:

"* * * in the absence of such remarks, the court would not have granted a new trial by reason of the size of the verdict alone"

meaning that the size alone in this case was not sufficient reason for upsetting the verdict. This is consistent with the principle repeatedly adhered to by this Court that where prejudicial matters do not occur in the course of a trial, in order to set aside a jury's verdict it must appear at first blush so excessive as to strike mankind as being beyond all measure, unreasonable and outrageous. Stallcup v. Rathbun, 76 Ariz. 63, 258 P.2d 821; Standard Oil Co. v. Shields, 58 Ariz. 239, 119 P.2d 116; United Verde Copper Co. v. Wiley, 20 Ariz. 525, 183 P. 737. The majority, however, ignore the unqualified pronouncement that "these remarks influenced to some extent the amount of the verdict" in seizing upon the latter statement of the trial court upon which to rest the decision. A verdict may be within the amount of the damages asked and be sustainable as within the outer limits of the evidence, yet to an unprejudiced observer seem unrealistically large in the light of all the evidence. The trial judge did not say "the size of the verdict was warranted by the evidence". He said he "would not have granted a new trial by reason of the size of the verdict alone." The order of the trial court should be affirmed.

There are two further points which should be enlarged upon since I consider the treatment by the majority as inadequate and tending to further confuse an admittedly difficult area of the law.

First, it is argued by plaintiffs that it was defense counsel's own statement which provoked the remarks and therefore the error was invited. Defense counsel was urging the jury "to hold the plaintiffs to their proof * * * for this is a serious case", when he immediately thereafter stated that "$8,600.00 is a lot of money to the plaintiffs" and "$8,600.00 is a lot of money to the defendants". In the light of the nature of the argument it is questionable whether the innuendo which plaintiffs' counsel sought to draw from the statement was in fact conveyed to the jury. I note that the trial judge who heard the argument and had the feel of the case did not consider defense counsel's statement as improper.

Rather, he considered improper the subsequent remarks of plaintiffs' counsel. Here, the trial court in the exercise of its discretion believed that what occurred did influence the outcome of the case and appropriately ordered a new trial on the question of damages.

But if it be assumed that defense counsel's statement tended to imply there was no insurance, it still should not have been used as a springboard by plaintiffs' counsel to advise the jury that defendants did have insurance. Objection could have been made to the argument as improper without disclosing the fact of insurance to the jury. The trial judge could then have decided the appropriate action to be taken even to the extent of granting a new trial to plaintiffs if he believed the verdict was influenced thereby.

Two wrongs do not make a right. As the Supreme Court of Kansas said in discussing an analogous situation:

"* * * it is not always safe to follow an opponent in argument into forbidden territory." Pool v. Day, 141 Kan. 195, 40 P.2d 396.

It has repeatedly been held error for counsel to enlarge upon the forbidden area of argument of liability insurance. Vineyard v. Storm, 185 Ark. 1148, 51 S.W.2d 860; Pool v. Day, supra; Davis v. F. M. Stamper Co., 347 Mo. 761, 148 S.W.2d 765; Messinger v. Karg, 48 Ohio App. 244, 192 N.E.

864; D. & H. Truck Line v. Lavallee, (Tex. Civ.App.) 7 S.W.2d 661.

Second, it is true that in the recent decision of Muehlebach v. Mercer Mortuary and Chapel, Inc., 93 Ariz. 60, 378 P.2d 741 it was emphasized that a mistrial should not always result from the mere mention of insurance and the court did point out that where its discussion is of a nature as to be prejudicial the trial judge must grant a mistrial or new trial. Where irrelevant matters are brought into the case if they have no adverse effect on the outcome of the trial they are treated as inconsequential and harmless. Arizona Eastern R. R. Co. v. Bryan, 18 Ariz. 106, 157 P. 376, affirmed 242 U.S. 621, 37 S.Ct. 241, 61 L.Ed. 532. But here, where the trial judge specifically found that the plaintiffs' remarks conveying liability insurance to the jury influenced the amount of the verdict the irrelevant matter is neither inconsequential nor harmless.

Prior to Muehlebach it had been the repeated holding of this Court that if a plaintiff alluded to insurance the defendant was entitled to a mistrial for the reason that the fact of insurance was apt to create prejudice in the minds of the jury resulting in a miscarriage of justice. The rule was then simple. The plaintiff was absolutely forbidden to refer to the fact that the defendant had insurance out of which damages could be paid. Muehlebach changed the rule suggesting that the time had come when a

reference to insurance is not always to be automatically considered as prejudicial but that the trial judge must use his discretion in determining whether in fact the defendant was prejudiced. In the instant case this is exactly what the trial court did.

Now this appeal was perfected on an agreed statement of the case. There is no transcript of evidence before this Court. The effect of this Court's finding "that the rights of the defendants were not materially affected" can find no support in the evidence and is therefore arbitrary, and overrides the sound discretion of the trial judge.

I am not only in disagreement with the majority as to the application of the decision in Muehlebach v. Mercer Mortuary and Chapel, Inc., supra, but I am in disagreement with the decision itself. The decision there rested upon the fact that the defendant was the first to allude to insurance. That fact was the only fact necessary for the decision. Twice before we have held that a defendant can not take advantage of his own misconduct and demand a mistrial by reason thereof. Northern Arizona Supply Co. v. Stinson, 73 Ariz. 109, 238 P.2d 937; Holbrook Light & Power Co. v. Gordon, 61 Ariz. 256, 148 P.2d 360.

By dicta, however, the principle was suggested:

"That a reference to insurance by a plaintiff is not always to be considered as prejudicial."

Such is contrary to the express holdings of the courts of last resort in forty-four states—every state in the United States which has passed upon the question. See collation of cases 4 A.L.R.2d 767 et seq. The basis of the decision of every other state is that knowledge of the fact of insurance *might* create prejudice in the minds of the jury. Common sense alone dictates that where insurance is injected into a case, if there is doubtful liability, the liability may be resolved in favor of the plaintiff and that in the case of clear liability issues of damages may be more favorably resolved in his favor. The prejudicial content of a reference to liability insurance is not "largely a thing of the past". Indeed, if the mention of insurance were not apt to influence the verdict why, as here, was plaintiffs' counsel so insistent that the jury be advised of insurance?

The dicta of Muehlebach instead of improving on a difficult situation makes it worse! It tempts a plaintiff to inject insurance into the case because now he may convince the trial judge that it is not or will not be prejudicial. A rule that the mention of insurance by the plaintiff is not always prejudicial, places the trial judge in the intolerable position of having to decide when prejudice results. Then this Court is put in the position on appeal, as in this case, of having to decide whether the trial court's discretion was in fact properly exercised. The Court now does

so without reason simply by disregarding the plain language of the trial judge. My only comment is that the test now seems to be whether the members of this Court are more clairvoyant than the trial judge.

It is my opinion that the trial court should be affirmed.

UDALL, Vice Chief Justice (specially concurring in the dissent).

I agree with Justice STRUCKMEYER in his dissenting opinion that the trial court should be affirmed. It is my view that he has properly interpreted the minute order made by the trial court wherein it was ordered, on December 22, 1959, that a new trial be granted to the defendant. It is my opinion that the remarks made to the jury by the plaintiff's counsel were improper and erroneous since he tried to convey to the jury the fact that the defendants were insured as to liability in the case. I agree that the statement made by counsel for the defendant, that "$8,600 is a lot of money to the defendant", can in no sense be considered as a provocative statement that would invite the improper remarks that were made by plaintiff's counsel. I also agree that the majority has misapplied the principles of law enunciated by us in the recent Muehlebach case in rendering their decision in the present case.

I disagree, however, with the last part of the minority opinion wherein it is indicated that the Muehlebach decision is erroneous. It appears to me that the latter part of the dissenting opinion seeks to reverse and undermine the principles laid down in Muehlebach. I do not believe it is necessary to discredit that opinion in order to sustain the position taken by the trial court in this case.

For these reasons I agree that the trial court should be affirmed.