391 P.2d 557

Demetrio M. SANCHEZ, Appellant,

v.

Alphonse P. STREMEL, and Helen Stremel, his wife, Appellees.

No. 7096.

Supreme Court of Arizona,

In Division.

April 22, 1964.

Charles Christakis, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Nathan Holt, Phoenix, for appellees.

BERNSTEIN, Justice.

This is a personal injury action arising out of an automobile accident which occurred on January 17, 1957. A jury trial was had and a verdict rendered in favor of the plaintiff. Defendant's motion for a new trial was granted.

**394**

The new trial order, set forth below, raises two questions upon which plaintiff bases his assignments of error. The order is as follows:

"This matter having been under advisement, and the Court being fully advised in the premises finds that the statement of Plaintiff's Counsel in closing argument to the effect that 'The Court would have directed a verdict for Defendants if the Court had not felt there was sufficient evidence of negligence to go to the jury' was prejudicial to Defendants and deprived them of a fair trial for the reason that, viewed in its strongest light, the evidence of negligent conduct of Defendants was so tenuous as to create a doubt of its actual existence.

"The Court further finds that the undue emphasis placed upon the meretricious relationship between Defendant Alphonse Stremel and the witness, Lupe Favela, was misconduct and resulted in a verdict or prejudice and passion, therefore.

"It is Ordered granting Defendants' motion for a new trial."

Thus, the questions presented concern (1) the propriety of an attorney commenting on the rulings of the trial court relating to the sufficiency of the evidence and (2) the prejudicial effect of plaintiff's attempt to establish bias of his own witness, who was a passenger in defendants' car at the time of the accident. Throughout the trial plaintiff's counsel made improper attempts to blacken the characters of defendant and his passenger, and about half of the trial was taken up by his attempts to go into irrelevant matters. Plaintiff's counsel acted as if this were an alienation of affections suit, and not an automobile accident case.

 In the granting of a new trial the trial court has wide discretion. Colfer v. Ballantyne, 89 Ariz. 408, 363 P.2d 588. Only in those cases where it appears that there has been an abuse of discretion will a new trial order be reversed. Waid v. Bergschneider, 94 Ariz. 21, 381 P.2d 568; Zugsmith v. Mullins, 86 Ariz. 236, 344 P.2d 739. Moreover, this court is more reluctant to reverse an order granting a new trial than one denying a new trial. As we said in Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 490, 121 P.2d 412, 413:

"The granting of a new trial is different from an order refusing a new trial for in the former the rights of the parties are never finally disposed of as in the latter they may be. The courts accordingly, are more liberal in sustaining an order for new trial then where it is denied."

Appellant argues that the court cured any error in his reference during closing argument to the fact that a verdict was not directed in favor of the defendant, by

immediately admonishing the jury that "* * * the Court does not pass upon the question relating to the facts of this case." And, he argues, defense counsel neither objected nor asked for a mistrial at that time. He further argues that his comment was proper as a response to repeated statements by defense counsel that there was a complete absence of evidence of negligence on the part of his client.

▆▆ This contention is without merit. The rule observed by all members of the Bar in argument to the jury, is that it is improper to argue to the jury that the court would not have submitted the issue unless there was evidence to support it. It is highly improper for counsel for plaintiff to argue that a refusal by the court to direct a verdict indicates its view to be that the evidence justifies a recovery. Robelen Piano Company v. Di Fonso, 169 A.2d 240 (Del.1961). When counsel disregards such basic rules of proper conduct, and it appears that his misconduct actually influenced the verdict, as here, he cannot complain if the trial judge grants a new trial. Zugsmith v. Mullins, supra.

Here the inference that the improper argument actually influenced the jury is clear, for, as the trial judge noted, the evidence of defendant's negligence was tenuous.

▆▆ The trial judge can best determine whether his admonition is effective, where the improper argument is made at the conclusion of a trial marked throughout by improper attempts by counsel to mislead and arouse the prejudices of the jury. In this case there were two reasons the court gave for granting a new trial: (1) a single instance of improper argument (2) prejudicial misconduct on behalf of counsel throughout the trial. Taken together they justify the trial judge's order. It was not necessary for defendant to object at the time of the improper argument for a new trial to be ordered where remarks are improper and prejudicial. Sadler v. Arizona Flour Mills Co., supra.

▆▆ The accident itself was a rear end collision on U. S. Highway 80 in Maricopa County. The car driven by the plaintiff struck the car driven by the defendant in the rear when they were both traveling in a westerly direction. Plaintiff called defendant's passenger as a witness. His course of examination included making charges that the witness had had a bastard child by defendant, that she had lived with defendant who was a married man, and that prior to the accident she and defendant had parked the car for a long period on the desert. Conceding that defendant's passenger is a "hostile witness" within the meaning of Rule 43(g) of the Rules of Civil Procedure, 16 A.R.S., counsel should nevertheless, be permitted no latitude in questioning on irrelevant or immaterial mat-

ter. "[T]his court will not countenance 'cross-examination by insinuation' the sole purpose of which is to leave an impression with the jury of a fact or state of affairs that is not proved, or to get before the jury by indirection that which would not be directly admissible." Ruth v. Rhodes, 66 Ariz. 129, 136, 185 P.2d 304, 308.

Further, plaintiff's counsel called as a witness a former landlord, who knew nothing about the accident. This should not be repeated. In his examination of defendant, plaintiff's counsel asked many improper questions about the defendant's personal life, compelling the defendant to take the Fifth Amendment with regard to matters which were totally irrelevant. Defense counsel was vigilant in objecting, and the objections were sustained by the court, but this continued for two days, and its cumulative prejudicial effect on the jury was apparent to the trial judge.

Plaintiff's counsel attempts to justify his conduct by citing four criminal cases, none of which have any bearing on the case at bar. If analogies are to be sought in criminal cases, this case is similar to United States v. Provoo, 215 F.2d 531 (2nd Cir.1954) where a new trial was ordered because the defendant, indicted for treason, was cross-examined on irrelevant and prejudicial morals charges. The rule in personal injury actions is that it is improper for either party to introduce evidence that he

has a wife and family dependent upon him, where such evidence is immaterial, or creates sympathy or prejudice. Udall, Arizona Law of Evidence, § 111. "Misconduct [of counsel] which is *calculated* to create sympathy or prejudice and *may* have done so justifies the grant of a new trial." Fitzpatrick v. St. Louis-San Francisco R. Co., 327 S.W. 801, 80 A.L.R.2d 825 (Mo. 1959, emphasis in original).

The order granting a new trial is affirmed.

LOCKWOOD, V. C. J., and JENNINGS, J., concur.