399 P.2d 704

Daniel GARCIA, by Mary Garcia, his Guardian ad Litem, Appellant,

v.

CITY OF TUCSON, Appellee.

No. 2 CA–CIV 13.

Court of Appeals of Arizona.

March 5, 1965.

W. Edward Morgan, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, Tucson, for appellee.

HATHAWAY, Judge.

The appellant, Mary Garcia, acting as guardian ad Litem for her minor son, Daniel Garcia, filed a complaint against the City of Tucson to recover for injuries sustained by her son as a result of the alleged negligence of city employees. While playing in Oury Park, a city park, Daniel Garcia was injured when a heavy iron gate in the park fell on him.

At the close of the plaintiff's case, the City of Tucson, invoking the doctrine of governmental immunity, made a motion for a directed verdict which was denied. The jury returned a verdict in favor of the plaintiff for $10,000 and plaintiff's costs, and judgment was entered thereon. Upon the defendant's motion, the court ordered that the verdict be set aside and that the defendant's motion for a directed verdict, made at the close of the plaintiff's case, be granted. Plaintiff's motion for a new trial as to the issue of damages was subsequently denied.

The plaintiff ascribes to the trial court the following errors:

"I The directed verdict in favor of the City of Tucson on the basis of governmental immunity, was error because the Superior Court should have ruled that the city is liable for its torts in the operation and maintenance of the city park and or in the operation and maintenance of public streets and public access ways.

"II The trial court abused its discretion in not granting the plaintiff's motion for additur or in the alternative a new trial as to the issues of damages."

While this case was pending the Supreme Court of the State of Arizona in Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), discarded the doctrine of governmental immunity. The court said:

"The substantive defense of governmental immunity is now abolished *not only for the instant case, but for all other pending cases * * *.*" (Emphasis supplied.)

It follows that the order of the trial court granting a directed verdict in favor of the City of Tucson on the basis of governmental immunity must be reversed.

Appellant contends that the trial court should have granted an additur or a new trial on the issue of damages. In support thereof, counsel urges this court to consider expenditures incurred by an injured party in litigation of his claim. This appeal must be determined solely on the evidence produced in the court below and shown by the record. 3 Am.Jur. Appeal and Error § 835, p. 377; Mosher v. Young, 50 Ariz. 389, 72 P.2d 682 (1937). The adequacy of a jury's award is a matter peculiarly within the discretion of the trial court, and will not be disturbed on appeal unless it appears that the amount is without support in the evidence. Medlock v. Florian, 42 Ariz. 558, 28 P.2d 621 (1934). In personal injury actions, damages sustained by the injured party are not computable by precise mathematical formulae, and the determination thereof lies within the province of the jury. Absent an award so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice or other improper cause invaded the trial, the jury's determination of fact is considered inviolate. Barnes v. Smith, C.A.N.M., 305 F.2d 226 (1962).

The granting of an additur or a new trial is within the discretion of the trial court, and this court will not reverse the ruling below unless there appears a manifest abuse of discretion. Caldwell v. Tremper, 90 Ariz. 241, 245, 367 P.2d

266 (1962); Waid v. Bergschneider, 94 Ariz. 21, 24, 381 P.2d 568 (1963). The record discloses no such abuse of discretion. The cause is reversed with directions to enter judgment for the plaintiff against the City of Tucson in accordance with this opinion.

KRUCKER, C. J., and MOLLOY, J., concurring.